Judie W. McDOWELL, Appellant,

v.

Anthony J. CELEBREZZE, Secretary of the United States Department of Health, Education and Welfare, Appellee.

No. 19699.

United States Court of Appeals
Fifth Circuit.

Nov. 21, 1962.

Joseph B. Bergen, Savannah, Ga., for appellant.

Alan S. Rosenthal, Murray H. Bring, Edward A. Groobert, Richard S. Salzman, Morton Hollander, Attys., Dept. of Justice, Washington, D. C., Joseph D. Guilfoyle, Acting Asst. Atty. Gen., Donald H. Fraser, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and JOHNSON, District Judge.

PER CURIAM.

The appellant claimed she was entitled to a "period of disability" and certain

benefits which would flow therefrom. The claim has been consistently denied after administrative hearing. On August 19, 1959, appellant commenced an action in the court below to review these adverse administrative determinations. On March 24, 1960, with consent of both parties, the District Judge remanded the case to the Appeals Council for further hearing. The Appeals Council on December 29, 1960, again held that appellant had failed to establish her claims. She again sought judicial review in the District Court. On February 9, 1962, the District Judge granted appellant's motion for summary judgment and reversed the decision of the Appeals Council. Thereafter on March 9, 1962, on the Judge's own motion, he notified all counsel in writing that "After mature judgment and re-reading the record" he was apprehensive that he had "made a mistake" in his judgment and for such reason he desired "to have a re-hearing on the case * * * on March 30, 1962 * * *." The hearing was held in chambers with the appellee present, but the appellant did not attend. Thereupon, on his own motion, the District Judge vacated his judgment of February 9 and entered a judgment affirming the decision of the Secretary of Health, Education and Welfare.

On this appeal the appellant carefully restricts it to the question whether the action of the District Judge in vacating on his own motion the earlier judgment was valid and proper.

This turns primarily on F.R.Civ.P. 60(b) (1). "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, suprise, or excusable neglect; * * *. The motion shall be made within a reasonable time, and for reasons (1) * * * not more than one year after the judgment, order, or proceeding was entered or taken. * * * Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature

of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

The Judge's Notice of Rehearing fixed for March 30, 1962, fulfilled the requirement of a written motion. "The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion." F.R.Civ.P. 7(b) (1). The Court could initiate this on its own motion. Cf. Link v. Wabash Railroad Co., 1962, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734, applying F.R. Civ.P. 41(b); United Press Associations v. Charles, 9 Cir., 1957, 245 F.2d 21, 26, 17 Alaska 46, cert. denied, 354 U.S. 925, 77 S.Ct. 1378, 1 L.Ed.2d 1435, applying F.R.Civ.P. 38(b); Ray v. United States, 7 Cir., 1941, 121 F.2d 416; United States v. Milana, E.D.Mich.1957, 148 F.Supp. 152, applying F.R.Civ.P. 60(b). At least in a non-jury case, the action is taken "within a reasonable time" if, as here, it is done before the time for appeal has expired. Sleek v. J. C. Penney Co., 3 Cir., 1961, 292 F.2d 256. Professor Moore supports these views. 7 Moore, Federal Practice, Para. 60.22[3] (2nd ed. 1955). Confined as it is to the time in which appeal from the final judgment may be taken, this holding has a double virtue. First, it does not circuitously extend the time for appeal. Second, it avoids the necessity for the anomalous action suggested by Professor Moore out of an abundance of caution that a party "take an appeal within proper time and also, within appeal time, move the district court for relief; and then ask the appellate court to authorize the district court to proceed and determine the motion." Para. 60.22 [3] at p. 238. Overburdened courts, trial and appellate, should not have to squander precious time and resources in such artificial maneuvers where the Judge on his own and in time faces up to the error and corrects it by effective action.

Affirmed.