**Mario CHAVEZ, Executor of the Estate of Valentina Chavez, Plaintiff-Appellee,**

v.

**Anis BALESH, d/b/a Hollywood Cafe, Defendant-Appellant.**

No. 82–1520
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 9, 1983.

Rehearing Denied June 7, 1983.

---

Havekost & Hedicke, Robert E. Hedicke, El Paso, Tex., for defendant-appellant.

Kathleen Cardone, El Paso, Tex., for plaintiff-appellee.

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

Valentina Chavez, now deceased, was employed as a waitress from approximately 1947 to 1980 by Anis Balesh, d/b/a Hollywood Cafe. Chavez's estate brought suit pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201–09, against Balesh, appellant herein, alleging that he failed to pay her both minimum and overtime wages. After a bench trial, the district court issued its findings of fact and conclusions of law. Finding of Fact No. 13 stated that during the period from March 16, 1978 to October 31, 1980 Chavez was underpaid by $2,000 by Balesh, such sum representing unpaid minimum wages as specified by the court. Finding No. 16 stated that Chavez was entitled to liquidated damages in the amount of $2,000. Finding No. 15 awarded $750 in attorney's fees to Chavez's counsel.

On the same day, June 4, 1982, the district court also signed a judgment typed on a separate sheet from the findings of fact and conclusions of law. The judgment awarded Chavez's estate $2,000 plus attorney's fees of $750. This judgment was filed with the district clerk on June 7, 1982. Balesh never filed a notice of appeal from this judgment.

On September 2, 1982 the district court entered a corrected judgment pursuant to Fed.R.Civ.P. 60 awarding an additional $2,000 for liquidated damages, *i.e.,* the earlier judgment was corrected to reflect $2,000 for unpaid minimum wages, $2,000 for liquidated damages, and $750 in attorney's fees.

Balesh filed a timely notice of appeal from the corrected judgment, complaining that the district court's correction was untimely made because the period for filing a notice of appeal from the original judgment had already run. Balesh also complains that the district judge should not have entered a corrected judgment without first giving notice that it intended to do so. We affirm.

## Discussion

The district court cited Fed.R.Civ.P. 60 as its authority to enter the corrected judgment. In their briefs the parties assume that the district court's action was taken pursuant to subsection (b) of that rule, but we note that the district court did not specify the subsection, (a) or (b), upon which it was relying. We will determine whether the district court's action can be upheld on the basis of either Rule 60(a) or 60(b).

## Rule 60(a)

Subsection (a) of the rule provides in pertinent part:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Professor Moore states that "[w]here the court errs in its mathematical computations as to the amount due the plaintiff, then relief can be had under the provisions of Rule 60(a)." 6A J. Moore, Moore's Federal Practice ¶ 60.06[3] at 4057 (2d ed. 1982) (footnotes omitted) [hereinafter "Moore's"]. The court here made an error of computation or a mere oversight. The district court stated in its findings of fact that Chavez was entitled to $2,000 in unpaid minimum wages, $2,000 as liquidated damages, and $750 in attorney's fees. The original judgment, however, only awarded the $2,000 in unpaid minimum wages and $750 in attorney's fees, making no mention of the liquidated damages award.

 Two facts persuade us that the omission of liquidated damages from the original judgment was a mere clerical oversight on the part of the district court. First, the court's findings of fact, signed and entered on the same day as the original judgment, clearly stated its intention to award liquidated damages. Second, the original judgment itself begins with the recitation that it is being awarded "[i]n accordance with this Court's Findings of Fact and Conclusions of Law heretofore entered . . . ."

The situation here is similar to that in *Allied Materials Corp. v. Superior Products Co.,* 620 F.2d 224 (10th Cir.1980). There the court explained that Rule 60(a) concerns "what is erroneous because the thing spoken, written, or recorded is *not what the person intended* to speak, write or record . . . ." *Id.* at 226 (emphasis in original). In *Allied,* the district court had announced from the bench that Superior was ordered to pay Allied $1,200 in damages. The next day the judge informed the parties by letter that he had inadvertently declared the award to be $1,200 when he had intended to award $12,000. The Tenth Circuit stated:

We believe that Rule 60(a) is broad enough to encompass the instant case. Additionally, the power to amend its records to correct inadvertent mistakes is an inherent power of the court [citations omitted]. We do not regard this as a hard case on the facts; we are satisfied the original award was a misstatement.

*Id.* See also *United States ex rel. Mississippi Road Supply Co. v. H.R. Morgan, Inc.,* 542 F.2d 262, 269 (5th Cir.1976), *cert. denied,* 434 U.S. 828, 98 S.Ct. 106, 54 L.Ed.2d 87 (1977) (district court could under Rule 60(a) correct error committed by jury in computing damages).

 We note that Rule 60(a) provides that the district court has the authority on its own initiative to correct errors arising from oversight or omission "at any time" (at least where no appeal has been docketed, as in the case here), which disposes of Balesh's contention that the district court's action was untimely because the correction was made some 86 days after the original judgment was filed. Furthermore, we reject Balesh's argument that he was entitled

to notice before the district court entered the correction. The error here, as demonstrated, was an innocent omission apparent from the fact of the record. *Cf. Moore's* ¶ 60.07 at 4069 ("Where the error is not apparent on the face of the record, and evidence must be heard to ascertain whether or not there is in fact a clerical error, then the parties should be given notice and an opportunity to be heard") (footnote omitted).

Thus, we conclude that the district court acted properly under Rule 60(a) in correcting the judgment to include the $2,000 liquidated damages award.

### Rule 60(b)

Even though we have already concluded that the district court's action may be upheld on the basis of Rule 60(a), we discuss the application of 60(b) because that is where the parties focus all their arguments. Subsection (b) provides that upon motion, a district court may relieve a party from a final judgment for various reasons, of which mistakes and inadvertence are relevant here. The rule also states that such "motion shall be made within a reasonable time"; if the basis for the motion is mistake or inadvertence, however, the rule imposes a maximum time period of one year from the date of entry of the judgment.

Balesh's main contention is that, under the circumstances of this case, correction of the judgment beyond the time for taking an appeal was not within a "reasonable time." He relies on the following language from this court's opinion in *Meadows v. Cohen,* 409 F.2d 750 (5th Cir.1969):

> It is the view of this Court that under the present rule, a court is authorized under [Rule 60(b)(1)] to correct a substantive "mistake" of its own, if motion is made within a reasonable time, which would clearly encompass a time not exceeding the time allowed for appeal.

*Id.* at 752 n. 4. A subsequent decision of this court, however, has interpreted the above-quoted language from *Meadows* as not creating an absolute rule that 60(b)(1) motions must be made before the period for noticing an appeal has expired, but rather as holding only that such motions made within the period for noticing an appeal are timely. *Lairsey v. Advance Abrasives Co.,* 542 F.2d 928, 930 (5th Cir.1976).

The record is unclear whether the district court entered the corrected judgment *sua sponte* or whether it did so in response to a motion by Chavez, although statements in both briefs suggest to us that no 60(b) motion was filed. If the court acted simply upon its own initiative, then we would not uphold its action under Rule 60(b), because unlike Rule 60(a), 60(b) allows the court to act only "upon motion." This court has held that a district judge may initiate such a motion and grant relief under Rule 60(b)(1) if the judge gives some sort of written notice to the parties. *McDowell v. Celebreeze,* 310 F.2d 43, 44 (5th Cir.1963). It appears, however, that no such notice was given here and we would be unable to uphold the district judge's action if it were done on his own initiative.

Assuming that the district court corrected the judgment in response to a Rule 60(b)(1) motion presented by Chavez, then our opinion in *Lairsey* makes it clear that such motion would not necessarily be untimely merely because it was made beyond the time period for noticing an appeal. Nonetheless, the assumed motion here would be timely only if Balesh had not been prejudiced by the delay in the correction of judgment and if Chavez had a good reason for failing to request the correction sooner. *Lairsey,* 542 F.2d at 930. Balesh claims that he was prejudiced by the delay because the time for appeal had expired and he filed no notice within 30 days from the original judgment. In his brief Balesh argues that while he may not have desired to appeal from the original judgment for $2,750, he "very well may have been interested in appealing" a judgment of $4,750.

Although an appeal from the *denial* of a Rule 60(b) motion does not bring up the underlying judgment for review, *Browder v. Director, Dep't. of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54

L.Ed.2d 521 (1978), an appeal from the *grant* of such a motion may. "[W]here the order granting the 60(b) motion leaves nothing further to be decided at the district court level, then on general principles of finality the order is final." 7 *Moore's* ¶ 60.30[3] at 431. Here the corrected judgment entered by the district court left "nothing further to be decided" and was therefore a final order. Moreover, because the corrected judgment incorporated all aspects of the original one, then Balesh's notice of appeal from the corrected judgment allowed him to challenge all its aspects, including the underlying merits. It therefore follows that Balesh suffered no prejudice from the grant of 60(b) relief.

As to Chavez's delay in seeking relief from judgment pursuant to Rule 60(b), Chavez claims that she "was concerned about the award of damages as set forth in the [original judgment]" and contacted the district judge's law clerk concerning the matter (although, as noted, we are uncertain whether Chavez ever actually filed a motion). Chavez attributes the delay in entry of the corrected judgment to the fact that the district court was not sitting in El Paso during the interim period between June 7 and September 2, 1982.

In summary, the grant of Rule 60(b) relief was not *per se* untimely merely because it came after the 30 day period for noticing an appeal. Moreover, Balesh has suffered no apparent prejudice, and the delay in the correction of judgment may have been for a legitimate reason. We decline to uphold the district court's action under Rule 60(b), however, because of the notice problem. As discussed, we do not know whether the district court corrected the judgment pursuant to a motion filed by Chavez. Statements in the briefs lead us to believe that the district court probably acted on its own initiative, but in doing so gave no notice.

### Conclusion

We would not sanction the district court's action in correcting the judgment on the basis of Rule 60(b). The district court did not specify the subsection of Rule 60 under which it purported to act, and its action may be upheld under 60(a).

AFFIRMED.