**RECREATIONAL PROPERTIES, INC.,**
**d/b/a Leisure Lakes Resort,**
**Plaintiff-Appellee,**

**v.**

**SOUTHWEST MORTGAGE SERVICE**
**CORPORATION and W.W. (Doc)**
**Taylor, Defendants-Appellants.**

No. 86–3345
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1986.

William E. Palmer, Dallas, Tex., for defendants-appellants.

W.W. Taylor, pro se.

C.J. Cheramie, Cut Off, La., Harold J. Lamy, New Orleans, La., for plaintiff-appellee.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Southwest Mortgage Service Corp. and W.W. Taylor appeal the district court's denial of their motion to set aside a default judgment entered in favor of Recreational Properties, Inc. Southwest Mortgage and Taylor argue that since they never received proper service of process the district court never had personal jurisdiction over them and, therefore, pursuant to Fed.R.Civ.P. 60(b)(4), the judgment was void. We agree and reverse.

## I.

This suit is one more chapter in an ongoing saga of litigation between these parties. Basically, the various conflicts arise from business deals arranged to develop vacation properties. These deals never came to fruition. In this particular action Recreational Properties sought damages for fraudulent breach of contract by Southwest Mortgage.

Recreational Properties filed the complaint on December 13, 1984. On February 25, 1985, pursuant to the Louisiana long arm statute,[1] Recreational Properties attempted to serve summonses upon both Southwest Mortgage and Taylor. In attempting to comply with the terms of the statute, Recreational Properties sent envelopes containing summons to both Taylor and to Southwest Mortgage (to the attention of Taylor as registered agent), by certified mail from Cut Off, Louisiana. Both envelopes went to one address in Dallas, Texas. Affixed to each envelope was a United States postage meter tape reflecting postage paid in the amount of $1.67. At the Cut Off post office, however, it was determined that postage was due in the amount of $.34 per envelope and each envelope was stamped "postage due $.34." Evidence in the record indicates that because of the postage due, on February 26 both envelopes were returned to Recreational Properties, the sender.

The same day that the envelopes were returned, they were taken back to the Cut Off post office to be mailed to Dallas. There is evidence that the postage due was paid. The envelopes were then sent to Dallas, but the stamp "postage due $.34" on each envelope was not crossed off. Also, no additional postage was affixed to the envelopes.

The envelope addressed to Southwest Mortgage bears two post office claim checks issued at the Dallas post office. Claim check number 226560 indicates that the post office first attempted delivery on March 1, 1985. No one was present to accept the envelope so a notice was left at the address for the addressee to come to the post office to pick up the certified mail; no one came to claim the envelope. A second notice was delivered on March 22; again, no one responded. Subsequently, on March 30 the envelope was returned to Recreational Properties. This envelope was remailed to Dallas. Claim check number 384267 shows that the first attempt to deliver the envelope this time was on April 8. The envelope was never claimed,[2] and was returned to the sender "unclaimed."

The envelope addressed to Taylor was in care of Southwest Mortgage. Claim check number 226559 shows that delivery was first attempted on March 1, 1985, a second delivery was attempted on March 6, and the envelope was finally returned to Recreational Properties on March 16. There is another claim check, number 632002 on this envelope, which contains only the date of March 18 on it. It is not clear whether this was the only delivery attempt made pursuant to this claim check. This envelope also bears a handwritten notation on it of "refused," as well as a "returned to sender" stamp checked "refused." The evidence indicates that when this envelope was first delivered, it was brought to Taylor by his secretary. He initially signed the return receipt, but then noticed that "postage due $.34" was stamped on it and refused to pay any additional postage or accept the envelope because of the postage due.

A third envelope was mailed to Taylor from Cut Off on March 19, 1985. There are two claim checks, numbers 226774 and 384937 on this envelope. Check 226774 indicates an attempted delivery on March 22 and April 2, with the envelope being

---

1. The Federal Rules of Civil Procedure provide that a summons and complaint may be served upon a defendant "pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant, in an action brought in the courts of general jurisdiction of that State...." Fed.R.Civ.P. 4(c)(2)(C)(i).

2. Although there is no date indicating that there was a second delivery attempt under this claim check, the record indicates that a second attempt normally would have been made.

returned to the sender on April 7. The envelope was subsequently remailed from Cut Off and check 384937 reflects an attempted delivery was made on April 15. After this point, it is not clear whether other deliveries were attempted, or when this envelope was returned to the sender. It eventually was stamped "unclaimed."

Recreational Properties, assuming service of process was effected, moved for the entry of a default judgment based on the failure of the defendants to answer. After hearing evidence proffered by Recreational Properties relating to the attempted service of process and the amount of damages it had sustained, on August 6, 1985, the district court entered a default judgment against Southwest Mortgage and Taylor in the amount of $479,581.08; the judgment also included an order that a mortgage running to Southwest Mortgage on property of Recreational Properties be cancelled.

The entry of the default judgment was not appealed within the thirty day statutory limit. *See* Fed.R.App.P. 4(a)(1). However, on February 5, 1986, Southwest Mortgage and Taylor filed a motion under rule 60(b) challenging the judgment. They alleged a number of defects in the entry of the judgment, but the most strenuous objection concerned the district court's finding that service of process was proper. After a hearing on the motion on April 4 the court denied the motion, concluding that the August 6 default judgment was valid and should not be set aside because the service of process was made in accordance with the law.

Southwest Mortgage and Taylor then filed a petition for an emergency writ of mandamus before this court, which was summarily denied on April 30, 1986. The same day they filed an appeal of the default judgment and the denial of their rule 60(b) motion. They raise a number of issues relating to both the entry of the default judgment and the denial of the motion, but, as discussed below, we only consider the issues raised relating to the rule 60(b) motion.

## II.

A default judgment is a conclusive and final adjudication of the issues required to justify the relief awarded. *See* C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 2684, at 420 (1983); *cf. Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 154 (5th Cir.1974). The appeal of a default judgment, therefore, as a final judgment under 28 U.S.C. § 1291, is governed by Fed.R.App.P. 4. This rule allows an appeal as of right if notice of such appeal is filed with the clerk of the district court within thirty days after the date of entry of the judgment. Fed.R. App.P. 4(a)(1). The entry of the default judgment in the present case was August 6, 1985. An appeal was not filed until April 30, 1986. The appeal of the default judgment, therefore, far exceeded the thirty day period and was not timely. That portion of the appeal must be dismissed.

## III.

Southwest Mortgage and Taylor also appeal the denial of their rule 60(b) motion. They assert that rule 60(b)(1), (3), and (4) afford a basis of relief. We do not consider the issues of whether rule 60(b)(1) and (3) require reversal because we find that rule 60(b)(4) is applicable requiring a reversal of the district court order denying their motion.

■ Initially, we note that the rule 60(b)(4) motion was timely. Although the rule does not provide for a specific time limit in which the motion must be made, Recreational Properties argues that the motion was not timely. We disagree. The rule 60(b)(4) motion filed six months after the entry of judgment was not time barred. Likewise, the appeal of the April 4 order denying the rule 60(b) motion was within the thirty day time limit and therefore is properly before this court. The issue before us, then, is whether the district court erred in denying the rule 60(b)(4) motion attacking the default judgment.

■ Typically, "[m]otions under Rule 60(b) are directed to the sound discretion of

**314**

the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion." *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981). When, however, the motion is based on a void judgment under rule 60(b)(4), the district court has no discretion—the judgment is either void or it is not. *See Honneus v. Donovan*, 691 F.2d 1, 2 (1st Cir.1982) (dicta); *Jordan v. Gilligan*, 500 F.2d 701, 704 (6th Cir.1974), *cert. denied*, 421 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481 (1975). *See also* C. Wright & A. Miller, *Federal Practice and Procedure*, § 2862, at 197 (1973). If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir.1985). Our final inquiry, then, focuses on the service of process used by Recreational Properties to perfect personal jurisdiction over Southwest Mortgage and Taylor.

■ Recreational Properties attempted to serve Southwest Mortgage and Taylor pursuant to the Louisiana long arm statute. This statute provides, in pertinent part, that in securing jurisdiction over a nonresident "[a] certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail...." La.Rev.Stat.Ann. § 13:3201 (West 1968). Under this statute "personal jurisdiction over non-residents is fully dependent upon strict compliance with the long arm statute's procedural requirements." *Clay v. Clay*, 389 So.2d 31, 37 (La.1979). Personal jurisdiction over a nonresident obtained by the use of the long arm statute will not attach if the service does not comport with the statutory requirements. *Id.* Once there is compliance with the statute, and the defendant has actually received the notice, see *Adminis-*

*trators of Tulane Educational Fund v. Ortega*, 475 So.2d 764, 764 (La.1985),[3] the defendant cannot defeat service by refusing to accept the letter. *Thomas Organ Co. v. Universal Music Co.*, 261 So.2d 323, 327 (La.App.1972).

The factual situation in this case presents a unique problem that the Louisiana courts have not yet decided. We are faced with a situation where counsel for Recreational Properties sent by certified mail two envelopes designed to comply with the requirements of serving process upon a nonresident. For reasons unknown, insufficient postage was attached, with the envelopes being returned by the post office to the sender stamped "postage due $.34." At some point the proper postage was paid, but the postage due stamp was never crossed off of the envelope. Thus, when the envelopes were subsequently delivered to Southwest Mortgage and Taylor, a reasonable conclusion was that postage was due. Even though the proper postage may have been paid, from Southwest Mortgage's and Taylor's points of view it had not been. There is no requirement that the addressee pay for postage prior to receiving it; thus, Taylor did not have to accept the envelopes and did not do so. Service was thus not perfected.

Recreational Properties argues, however, that since at least the one envelope was actually delivered to Taylor and he signed for it but then refused to accept it, crossing his name off, he refused delivery and following the rule established in *Thomas Organ* service of process was effectuated. We disagree, because that case and this one are distinguishable. In *Thomas Organ* there were no defects on the envelope; the defendant merely refused to accept a properly addressed, properly postage prepaid envelope. *See id.*, 261 So.2d at 324. This difference is fatal to an extension of *Thomas Organ* to the present factual situ-

---

**3.** Since Louisiana law requires that the defendant actually receive the notice, the two envelopes (the one addressed to Southwest Mort-gage and the second one addressed to Taylor) that went unclaimed are not relevant to this appeal as they were never received.

ation. Here, there is a clear defect on the envelope—postage is due. Therefore Taylor did not have to accept the envelope.

Since the Louisiana long arm statute does not mention that proper postage must be affixed to the registered or certified mail sent to a party, one interpretation of such an omission could be that strict compliance does not require attaching the proper postage. We believe, however, that such an interpretation is strained and is not consistent with the other provisions of the Louisiana code relating to service by the long arm statute. In fact, the provision immediately following the long arm statute, dealing with default judgments and proof of service of process, requires a "showing that [the notice] was enclosed in an envelope properly addressed to the defendant, *with sufficient postage affixed.*" La.Rev.Stat.Ann. § 13:3205(a) (West 1968) (emphasis added). Thus, the Louisiana Legislature appears to have contemplated that prior to service being effective to allow a judgment by default, the correct postage would have to be prepaid and affixed to the envelope. Moreover, for envelopes to be delivered by registered or certified mail, the proper amount of postage must be paid.

Although there is some evidence that the proper postage was paid, from the perspective of Southwest Mortgage and Taylor it was not. Nowhere in the Louisiana long arm statute does it indicate that a defendant is required to pay for the privilege of being served process for a pending law suit. Therefore, because Southwest Mortgage and Taylor did not receive an envelope with the proper postage affixed, they were entitled to refuse their delivery. Service of process over these defendants was not perfected and the default judgment is void and must be vacated.

The district court's denial of the rule 60(b)(4) motion is REVERSED and this case is REMANDED to the district court for further proceedings consistent herewith.