IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-60324

DIANE JOHNSON; WANDA HOPKINS

Plaintiffs-Appellees

v.

THE PROVIDENT BANK/PCFS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:05-CV-172

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

National City Bank (National City), formerly known as The Provident Bank/PCFS, appeals a 22 March 2007 order, by which the district court sua sponte vacated its 18 August 2006 order compelling arbitration. Primarily at issue is whether the district court properly acted under Federal Rule of Civil Procedure 60. VACATED and REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

National City executed a loan agreement with Diane Johnson and Wanda Hopkins (Borrowers) on 31 August 2000. National City, in addition to the loan agreement, included an Agreement for the Arbitration of Disputes (Arbitration Agreement) within the loan package. The Arbitration Agreement provided:

> [Borrowers] and [National City] agree that any dispute, regardless of when it arose, shall be settled, at your option or ours, by arbitration in accordance with this Agreement. . . .
>      This Agreement is made in consideration of our processing of your inquiry or application for a loan secured by the property identified below ("loan") and is also made in further consideration of our funding of the loan . . . . This Agreement is effective and binding on both you and your heirs, successors and assigns and us when it is signed by both parties.

(Emphasis added.) The Arbitration Agreement was a separate form and, therefore, not included within the provisions of the loan agreement. Although Borrowers signed the agreement, National City failed to do so.

In July 2005, Borrowers sued National City, among others, for alleged "racketeering activity", in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 et seq. National City moved to compel arbitration pursuant to the Arbitration Agreement; Borrowers did not contest the motion.

On 18 August 2006, the district court granted National City's motion to compel arbitration and dismissed Borrowers' claims without prejudice. On 15 November 2006, the district court granted National City's Motion for Certification for Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b). Borrowers neither opposed the motion nor appealed the Rule 54(b) final judgment.

Another defendant in Borrowers' action, State Bank & Trust Company, also moved to compel arbitration. On 22 March 2007, four months after granting National City's Rule 54(b) motion, the district court reconsidered sua sponte its

18 August 2006 order compelling arbitration. Upon doing so, the district court vacated that order on the basis that the Arbitration Agreement was ineffective because National City had not signed it.

## II.

National City raises two issues on appeal. First, it contends the district court erred in sua sponte reconsidering its prior decision. Alternatively, it maintains the district court erred in finding the Arbitration Agreement unenforceable. (Because we hold the district court erred in vacating its previous order, we need not address the alternative claim.)

## A.

In its 22 March 2007 order (vacating order), the district court did not cite a Federal Rule of Civil Procedure, or other authority, for vacating its 18 August 2006 order compelling arbitration. Borrowers maintain the district court properly acted under Rule 60(b). It provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief". FED. R. CIV. P. 60(b). Furthermore, the Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding". FED. R. CIV. P. 60(c) (emphasis added).

National City contends the vacating order may not be considered a Rule 60(b) order because, as noted, the district court did not mention the Rule in its order, and Borrowers do not assert under what prong of Rule 60 they prevail. Our precedent, however, does not require explicit reference either to the Rule or its pertinent subsection, so long as the Rule is applicable to the substance of the decision. See Pryor v. United States Postal Serv., 769 F.2d 281, 285 (5th Cir. 1985).

3

B.

Because the district court could not have acted under any other Rule, we must determine whether its vacating order complied with Rule 60. Along that line, we review the grant of relief under Rule 60(b) for abuse of discretion. E.g., Hess v. Cockrell, 281 F.3d 212, 215 (5th Cir. 2002).

1.

Rule 60(b) provides for relief from final judgment only upon "motion and just terms". "We have previously held that the motion requirement of Rule 60(b) can be satisfied on the district court's own motion." Baum v. Blue Moon Ventures, LLC, 513 F.3d 181, 190 (5th Cir. 2008) (citations omitted). When a district court grants Rule 60(b) relief sua sponte, however, it must provide written notice to the parties of its reconsideration. See McDowell v. Celebrezze, 310 F.2d 43, 44 (5th Cir. 1962). Such written notice constitutes a motion for purposes of Rule 60(b). Id.

In this instance, neither party was notified of the district court's sua sponte reconsideration. Had such notice been provided, National City could have presented to the court National City's contention that its failure to sign did not preclude enforcement of the Arbitration Agreement. See Shelley v. Coldwell Banker Real Estate Corp., No. 4:05CV167, 2006 WL 1313825 (N.D. Miss. 11 May 2006) (enforcing arbitration agreement, which was signed by plaintiff and not by defendant); Raesly v. Grand Housing, Inc., 105 F. Supp. 2d 562 (S.D. Miss. 2000), abrogated in part on other grounds by Walton v. Rose Mobile Homes LLC, 298 F.3d 470 (5th Cir. 2002) (same); see also Fanning v. C.I.T. Corp., 192 So. 41, 43 (Miss. 1939) (holding signature requirement waived where non-signor acts in a manner disclosing his assent). The district court's failure to provide notice of its intent to vacate its previous order, therefore, ran afoul of Rule 60(b)'s motion requirement.

In dissent, our BROTHER maintains National City has abandoned this issue by failing to brief it here. Dissent at 1. For starters, because the district court never stated any authority for its vacating order, National City did not discuss Rule 60(b) in its opening brief. In their brief to our court, Borrowers asserted, for the first time, that Rule 60(b) was the basis for that order. In its reply brief, National City pointed out that the district court failed to cite to Rule 60 or otherwise indicate that it intended to act under that Rule. Such contentions relating to the district court's failure to inform the parties it was acting under Rule 60 concern the issue of notice. Moreover, National City discussed a case cited by Borrowers, Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347 (9th Cir. 1999), and noted the Ninth Circuit remanded the case because the district court failed to give adequate notice. National City adequately briefed the issue of notice.

2.

In any event, even if the vacating order could otherwise qualify under Rule 60(b), it was not made within the requisite "reasonable time". FED. R. CIV. P. 60(c). "[R]easonable time under Rule 60[(c)] depends on the particular facts of the case in question". McCorvey v. Hill, 385 F.3d 846, 849 n.4 (5th Cir. 2004) (quoting Fed. Land Bank of St. Louis v. Cupples Bros., 889 F.2d 764 (8th Cir. 1989)) (internal quotation marks omitted). It is well-established, however, that "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless". Pryor, 769 F.2d at 288. Along that line, when the issues raised in the Rule 60(b) motion were "extant at the time of judgment, . . . the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60[(c)]". Id.; see also McDowell, 310 F.2d at 44; see generally 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2528 (2d ed. 1995).

Our BROTHER also takes issue with our holding the district court did not act within a reasonable time under Rule 60(c), relying principally on Lairsey v. Advance Abrasives Co., 542 F.2d 928 (5th Cir. 1976), and other similar cases holding the time period for appeal does not automatically cut off the time period for filing a Rule 60(b) motion. Dissent at 2. We have not held here, nor did our court in Pryor hold, that the appeals period creates a per se outer boundary for what constitutes "reasonable time" under Rule 60(c). Rather, we hold that, when, as here, the basis for the Rule 60 motion existed at the time of the final judgment, the time limit for appeal constitutes "reasonable time" under Rule 60(c).

Indeed, in all of the cases cited by the dissent allowing a Rule 60(b) motion after the appeals period had expired, the justification for the Rule 60 motion did not exist when the judgment was rendered. In Lairsey, for example, "[i]t was only when the Georgia Supreme Court announced its decision in Ellis v. Rich's, several months after the time to notice an appeal on the point had passed, that any realistic basis for a 60(b) motion existed". 542 F.2d at 932. Similarly, Recreational Properties, Inc. v. Southwest Mortgage Service Corp., 804 F.2d 311 (5th Cir. 1986), upheld the timeliness of a Rule 60(b) motion filed six months after a default judgment rendered by a district court that never had personal jurisdiction over appellants because they never received proper service of process. Id. at 311, 313. It goes without saying that an improperly served defendant who does not file an answer or otherwise contest an action cannot be expected to know the issues giving rise to the Rule 60(b) motion at the time of default judgment.

In the matter at hand, the signatures (and lack thereof) on the Arbitration Agreement were apparent when the district court compelled arbitration and later certified final judgment under Rule 54(b)—in each instance, without objection by Borrowers. The Borrowers were free to contest the motion to compel

arbitration or appeal the final judgment on the ground that National City had not signed the Arbitration Agreement, yet they did not do so. Under these circumstances, in strong contrast to the cases cited by the dissent, Rule 60(b) relief would serve as an impermissible end run around the time limit for Borrowers to appeal the final judgment.

The 22 March 2007 sua sponte vacating order came more than three months after the Borrowers could have appealed the judgment (within 30 days after the 15 November 2006 Rule 54(b) judgment). See FED. R. APP. P. 4(a). The court's reconsideration, therefore, did not occur within the requisite reasonable time under Rule 60(c). Accordingly, the district court abused its discretion in vacating its order compelling arbitration.

### III.

For the foregoing reasons, the district court's 22 March 2007 order vacating its 18 August 2006 order compelling arbitration is VACATED; this matter is REMANDED to district court for it to reinstate its order compelling arbitration and for such other proceedings as may be appropriate, consistent with this opinion.

VACATED and REMANDED.

BENAVIDES, Circuit Judge, dissenting:

We have previously found that Rule 60(b) is "a grand reservoir of equitable power to do justice in a particular case, that may be tapped by the district court in the sound exercise of its discretion, and within the strictures inherent in the underlying objectives of the rule." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981) (citation and internal quotation marks omitted). The district court, in reviewing a motion from another defendant in the underlying litigation, concluded that it erroneously sent this case to arbitration based upon a contract that was unenforceable due to National City's lack of signature. The district court concluded that arbitration was not appropriate under these circumstances and the case properly belonged in federal court. I would find that the district court's sua sponte action was not an abuse of discretion under Rule 60(b) and that the majority opinion creates a per se rule imposing a time limit contrary to Rule 60(b). Furthermore, the majority's opinion is based upon a notice rationale that has not been raised by National City. Therefore, I respectfully dissent.

As the majority opinion properly notes, our case law grants a district court the authority to sua sponte reconsider prior judgments under Rule 60(b). See Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977). We review Rule 60(b) motions for abuse of discretion. Seven Elves, Inc., 635 F.2d at 402. We are mindful that Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Id. at 401 (citation and internal quotation marks omitted).

The majority opinion finds that the district court's failure to provide notice "ran afoul" of Rule 60(b). However, National City did not advance a notice argument in its briefing before this Court.[1] Therefore, it has abandoned any

---

[1] The majority states that "contentions relating to the district court's failure to inform the parties it was acting under Rule 60 concern the issue of notice." However, National City argued in its reply brief that "there is nothing in the record to suggest that the district court either intended to set the judgment aside under Rule 60(b) or did set it aside under Rule 60(b)."

such argument.[2]  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (finding plaintiff abandoned "arguments by failing to argue them in the body of his brief").  In any event, even if we find National City's notice argument colorable, at most they are entitled to a remand so that the district court may provide notice to the parties and entertain argument on the substantive issues under Mississippi law–rather than a remand for the district court to reinstate its prior order compelling arbitration.  See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350-51 (9th Cir. 1999) (remanding to "allow a fair opportunity to both sides to be heard" where appellant argued that "it did not have notice and an opportunity to prepare for and properly oppose" an oral Rule 60(b) motion).

Next, the majority opinion finds that the district court's March 22, 2007, order was not made within the "reasonable time" mandated by Rule 60(c).  I respectfully disagree.  Determining whether a Rule 60(b) motion is made within a "reasonable time" is "governed by the facts of each case."  Wilson v. Thompson, 638 F.2d 801, 803 (5th Cir. 1981).  We have previously held that "the time

In other words, National City was arguing that the order at issue was not made pursuant to Rule 60(b).  National City did not–as the majority opinion contends–argue that the lack of notice violates a requirement of Rule 60(b), thereby rendering the judgment invalid.

Furthermore, National City's discussion of Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347 (9th Cir. 1999), does not save the majority's conclusion that this argument was adequately briefed.  In their brief, Borrowers relied upon Kingvision for the general proposition that a district court may invoke Rule 60(b) on its own motion.  In its reply brief, National City used Kingvision to argue that the Borrowers in this case "had every opportunity to be heard."  National City did not use Kingvision to argue that it lacked adequate notice and thereby suffered harm.

[2] Furthermore, appellate courts have applied the harmless error test to Rule 60(b) motions, including a district court's sua sponte notice requirement.  See Patterson v. Mobil Oil Corp., 335 F.3d 476, 485 (5th Cir. 2003) (applying harmless error test to district court's denial of Rule 60(b) motion); Pierson v. Dormire, 484 F.3d 486, 492 (8th Cir. 2007) (noting that "the lack of notice to the parties is at most harmless error" where the district court sua sponte vacated its prior judgment).  Even if National City had not abandoned the argument, I find that any error to National City was harmless because there is no evidence that arbitration proceedings had commenced and there are no facts in dispute.

allowable for taking an appeal did not cut off plaintiffs' right to file a Rule 60(b) motion." Lairsey v. Advance Abrasives Co., 542 F.2d 928, 932 (5th Cir. 1976) (holding that a Rule 60(b)(1) motion filed more than four months after the period for a timely appeal was filed within a "reasonable time"); see also Chavez v. Balesh, 704 F.2d 774, 777 (5th Cir. 1983) (noting that a Rule 60(b)(1) motion "would not necessarily be untimely merely because it was made beyond the time period for noticing an appeal"); Recreational Props, Inc. v. Sw. Mortgage Serv., 804 F.2d 311, 313 (5th Cir. 1986) ("The rule 60(b)(4) motion filed six months after the entry of judgment was not time barred."); McCorvey v. Hill, 385 F.3d 846, 849 n.4 (5th Cir. 2004) ("[T]here is no set time period distinguishing timely from untimely motions outside of the absolute, one-year time frame for Rule 60(b)(1)-(3) motions.") (citation and internal quotation marks omitted). The Lairsey court explained that Rule 60(b) "makes no mention of the period for noticing appeal or of whether notice of appeal has been filed." 542 F.2d at 930. Thus, the court concluded that Rule 60(b) "sets up an outside time limit of one year . . . and prescribes a 'reasonable time' standard which by its nature invites flexible application in varying situations."[3] Id.

The majority argues that it does not create a per se rule; rather it holds that "when, as here, the basis for the Rule 60 motion existed at the time of the final judgment, the time limit for appeal constitutes 'reasonable time' under Rule 60(c)." However, this holding creates a per se rule for a subset of Rule 60(b) cases that eviscerates the equitable purposes underlying the rule, namely the district court's ability to do justice and rectify its own mistakes. Because the district court acted sua sponte upon realizing its own error, it is not the case here

---

[3] To the extent that the majority opinion's reliance upon Pryor v. U.S. Postal Service, 769 F.2d 281 (5th Cir. 1985), conflicts with the above-referenced cases, I rely upon the reasoning of the earlier Lairsey panel. See H&D Tire & Auto.-Hardware, Inc. v. Pitney Bowes Inc., 227 F.3d 326, 330 (5th Cir. 2000) ("When panel opinions appear to conflict, we are bound to follow the earlier opinion.").

that a party is using Rule 60(b) in attempts to circumvent the appeals period. Furthermore, in contrast to the majority's reasoning, this Court has previously noted that a Rule 60(b) motion may be timely when it is filed after the time limit for an appeal even though the basis for the motion existed at the time of the final judgment.[4] See Chavez, 704 F.2d at 777-78. Finally, the majority's reasoning effectively reads out the one-year time frame of Rule 60(c) in cases where the facts underlying the Rule 60(b) motion were known at the time of final judgment. Nothing in the language or purpose of Rule 60(b) warrants such treatment.

Here, the district court sua sponte reconsidered its judgment less than fourth months after the entry of final judgment–well within Rule 60(c)'s one-year time frame. There is no indication that National City initiated arbitration arrangements during this period, so National City has not shown it was prejudiced by the district court's decision. See, e.g., Chavez, 704 F.2d at 777 (considering whether a party will suffer prejudice from filing a Rule 60(b)(1) motion outside the time period for noticing an appeal). I find that–under the circumstances of this case–the timing of the district court's sua sponte action was "reasonable."

For the reasons explained above, I find that the district court did not abuse its discretion. Accordingly, I respectfully dissent.

---

[4] In Chavez, the district court's original order misstated the damages award and the court entered a corrected judgment approximately three months later. 704 F.2d at 775. Thus, the justification for the Rule 60 motion–the fact that the order granted the improper monetary amount–was ascertainable at the time of final judgment. Although this Court's holding rested on Rule 60(a), we noted that the corrected judgment is not per se untimely under Rule 60(b) despite being filed after the time for an appeal. Id. at 777-78.