# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2008

Charles R. Fulbruge III
Clerk

No. 08-40430
Summary Calendar

LOUIS HAYES

Plaintiff - Appellant

v.

KOCH ENTERTAINMENT LP; KOCH ENTERTAINMENT GP LLC; KOCH
ENTERTAINMENT DISTRIBUTION LLC

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
No. 3:06-CV-515

Before KING, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Louis Hayes appeals: (1) the district court's judgment
holding that he take nothing from defendants-appellees Percy Miller, Master P
Music, L.L.C., and Guttar Music, Inc.;[1] and (2) the district court's order vacating

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] The district court's order vacating the judgments, entered on March 14, 2008, referred
to the defendant as "Guitar Music, Inc." rather than "Guttar Music, Inc." But the complaint
refers to said defendant as "Guttar Music, Inc.," so that is the name we will use.

the default judgments against the same.  Having determined that the district court erred in vacating the default judgments without providing Hayes with reasonable notice of its intent to vacate, we vacate only the district court's order vacating the default judgments and the portion of the district court's judgment that orders that Hayes take nothing from Percy Miller, Master P Music, L.L.C., and Guttar Music, Inc.

I.

Louis Hayes filed suit against a number of defendants—Percy Miller, a/k/a, Master P, Master P Music, L.L.C., Guttar Music, Inc., Koch Entertainment L.P., Koch Entertainment Distribution, L.L.C., and Koch Entertainment GP, L.L.C.—in federal district court on July 31, 2006, seeking damages and injunctive relief for copyright infringement.  Koch Entertainment L.P., Koch Entertainment Distribution, L.L.C., and Koch Entertainment GP, L.L.C. (the "Koch defendants") answered Hayes's complaint on September 18, 2006.  Miller, Master P Music, L.L.C., and Guttar Music, Inc., (the "Master P defendants") failed to answer or make any appearance.  On March 23, 2007, upon Hayes's motion, the district court entered default judgments against the Master P defendants.  On May 11, 2007, the district court entered an interim judgment on damages for $408,750.00 against the Master P defendants.  The interim judgment stated that it would not become final until thirty days after execution in order to afford the Master P defendants time to move to set it and the default judgments aside.  A writ of execution was issued on August 28, 2007.  The Master P defendants never appeared or moved to have the default judgments or interim judgment on damages set aside.

On October 26, 2007, the case was reassigned from Judge Kent to Judge Hughes.  On January 18, 2008, the Koch defendants moved for summary judgment on Hayes's copyright claims. To protect the default judgments already entered against the Master P defendants, Hayes moved to sever the Master P

defendants pursuant to Rule 21 of the Federal Rules of Civil Procedure on January 31, 2008. The district court granted Hayes's motion and assigned a new civil action number to the case involving the Master P defendants on February 6, 2008. Subsequently, on March 14, 2008, the district court granted the Koch defendants' motion for summary judgment, but also announced in its opinion on summary judgment that:

> [The Master P defendants] did not appear to defend this lawsuit, and the court entered a default judgment against [them] for an arbitrary amount. That judgment will be vacated. Because Hayes's composition has not been infringed by Koch, it axiomatically cannot have been infringed by [the Master P defendants]—however irresponsible [they] may have been in handling [their] legal affairs.
>     Louis Hayes will take nothing from [the Master P defendants], Koch Entertainment, L.P., and the others.

That same day, the district court issued an order vacating the default judgments against the Master P defendants under the original civil action number and entered a final judgment that Hayes would take nothing against either the Koch defendants or the Master P defendants.

This timely appeal followed.[2]

## II.

While the district court failed to cite the authority under which it vacated the default judgments, upon review, it seems clear that the judgments were likely vacated pursuant to either Rule 60(b)(6) of the Federal Rules of Civil Procedure or the district court's "inherent power to prevent a fraud on the court."

---

[2] On appeal, the Koch defendants filed a brief clarifying that Hayes is challenging the judgment only insofar as it implicates the Master P defendants and the order vacating the default judgments against them. Hayes does not contest this fact, and the Master P defendants still have not entered the case. We agree with the Koch defendants and address only the issue relating to the default judgments against the Master P defendants.

See Gen. Elec. Credit Corp. v. Timely Secretarial Serv., Inc. (In re Timely Secretarial Serv., Inc.), 987 F.2d 1167, 1171 n.3 (5th Cir. 1993).

It is not controversial in this circuit that a district court may initiate relief under Rule 60(b) on its own motion. See id. (citing Chavez v. Balesh, 704 F.2d 774, 777 (5th Cir. 1983); McDowell v. Celebrezze, 310 F.2d 43, 44 (5th Cir. 1962)). However, to satisfy due process, we require that a district court, "when acting on its own initiative to grant relief under Rule 60(b) of the Federal Rules of Civil Procedure[,] . . . 'give[ ] some sort of written notice to the parties.'" Id. (quoting Chavez, 704 F.2d at 777). In the alternative, a district court, "before vacating a judgment under its inherent power[,] . . . must provide reasonable notice to interested parties." Id. at 1171 n.3 (emphasis in original).

Hayes argues that the district court abused its discretion when it sua sponte vacated the default judgments against the Master P defendants after having already severed them from the case or, alternatively, because sufficiently "extraordinary circumstances," see Bailey v. Ryan Stevedoring Co., 894 F.2d 157, 160 (5th Cir. 1990), did not exist for the district court to relieve them from their decision not to respond or appear, to date, in this case, see Edwin H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993).

In this case, the district court erred because it provided no notice to Hayes or any of the interested parties of its intention to relieve the Master P defendants of the default judgments previously entered against them, as our precedent and due process requires. See In re Timely Secretarial Serv., Inc., 987 F.2d at 1171 & n.3. Because the district court should consider Hayes's arguments in the first instance upon proper notice, we express no opinion with respect to whether the district court would have abused its discretion in vacating the default judgments against the Master P defendants if it had provided proper notice.

III.

Consequently, we VACATE the order of the district court vacating the default judgments against the Master P defendants, as well as the take-nothing judgment for defendants insofar as it relates to the default judgments, and REMAND to the district court for further proceedings consistent with this opinion. Each party shall bear its own costs.