**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2009

Charles R. Fulbruge III
Clerk

No. 09-40066
Summary Calendar

LOUIS HAYES,

Plaintiff - Appellant

v.

PERCY MILLER, also known as Master P; MASTER P MUSIC LLC;
GUTTAR MUSIC, INC,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:06-CV-515

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This appeal represents the second time we examine this situation. *See generally Hayes v. Koch*, 292 F. App'x 389 (5th Cir. 2008) ("*Hayes I*"). For the reasons set forth below, we VACATE the district court's December 19, 2008, order; the effect of this decision is to leave in place the default judgment of May 11, 2007.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Hayes I* succinctly sets forth the facts of this case, and we need not belabor them here. Suffice it to say that Hayes sued six defendants, three of whom – Percy Miller, Master P Music LLC and Guttar Music, Inc. ("the Master P Defendants) – defaulted. The rest of the defendants ("the Koch Defendants") answered. Hayes obtained a default judgment against the Master P Defendants, and the district court entered an interim judgment on damages on May 11, 2007, after conducting a hearing. The case was then transferred from Judge Kent to Judge Hughes. On February 5, 2008, Judge Hughes signed an order severing the case against the Master P Defendants from the case against the Koch Defendants, thereby making final the previously interlocutory order of May 11.[1] Thirty-seven days later, Judge Hughes granted the Koch Defendants a final summary judgment. Apparently reasoning that the judgment in favor of the Koch Defendants was inconsistent with the judgment against the Master P Defendants,[2] Judge Hughes sua sponte vacated the default judgment and

---

[1] Severance under Federal Rule of Civil Procedure 21 "'creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.'" *Allied Elevator, Inc. v. E. Tex. State Bank of Buna*, 965 F.2d 34, 36 (5th Cir. 1992) (quoting *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)).

Here, the three Koch Defendants had filed motions for summary judgment, whereas the three Master P Defendants had never appeared or filed anything. Hayes moved for a severance expressly to make his judgment final and collectable against the Master P Defendants, and the district judge was well aware of that this was the sole reason for the severance when he signed an order severing the claims. Our prior opinion implicitly found that the default judgment had become final. *Hayes I*, 292 F. App'x at 390. (concluding that the only basis for the court's vacatur of the default judgment was Rule 60 or possibly inherent power). Once the severance was effected, the litigation between Hayes on the one hand and the Master P Defendants (now the sole defendants in the severed cause) on the other hand was at an end, leaving "nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978).

[2] The underlying case involved Hayes's copyright claim that the Master P Defendants and the Koch Defendants had stolen his song "Where You From" in releasing their song "Where U From."

entered judgment that Hayes take nothing against the Master P Defendants as well.

In *Hayes I*, we concluded that, since the default was a final judgment by the time Judge Hughes vacated it, the only possible authority for such vacatur was Federal Rule of Civil Procedure 60 or the district court's inherent power to prevent fraud on the court. 292 F. App'x at 390. We noted that the district court failed to give Hayes an opportunity to be heard. *Id.* at 391. Without reaching the merits of the court's decision, we therefore vacated and remanded for the court to give Hayes an opportunity to be heard. *Id.*

On remand, the district court ordered Hayes to file a statement in support of the default judgment, which he did. After conducting a short hearing, the district court entered an order again vacating the default judgment and entering a take-nothing judgment in favor of the Master P Defendants. To this day, the Master P Defendants have not appeared before the district court or this court. The district court entered no written findings and gave no legal basis for its ruling.[3]

On appeal, Hayes challenges the district court's action as unauthorized under Rule 60(b). While *Hayes I* notes that sua sponte authority exists under Rule 60(b), 292 F. App'x at 390, it is, of course, not unfettered. We agree with Hayes that, on this fairly thin record, the district court has failed to make findings necessary to support a Rule 60(b) order. Given the lack of any findings or reasoning by the district court, we are left to speculate that it intended to ground its ruling in Rule 60(b)(6), as this is the only provision that may be applicable here. Rule 60(b)(6) is "a residual or catch-all provision . . . to

---

[3] At the short hearing following our remand, the judge stated: "[Y]ou know, Master P ought to show up and defend himself and everything . . . . [But] [t]hey are not infringing." The court did not address the Rule 60 factors or cite any other authority for setting aside a final default judgment sua sponte.

accomplish justice under exceptional circumstances." *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). We find nothing "exceptional" here. Three parties admitted liability by failing to appear. Others contested it. That they experience different outcomes as a result is not "exceptional," "fraudulent" or otherwise noteworthy.

Accordingly, the December 19, 2008 order of the district court is VACATED; the May 11, 2007 interim order made final by the February 5, 2008 severance order remains in place. The original March 14, 2008 order as to the Koch Defendants remains unaffected by this opinion with respect to those defendants.