10-3214-cv
Edible Arrangements v. Incredible Franchise

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand eleven.

PRESENT:
>ROSEMARY S. POOLER,
>BARRINGTON D. PARKER,
>DENNY CHIN,
>>Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - -x

EDIBLE ARRANGEMENTS INTERNATIONAL, INC.,
>Plaintiff-Appellant,

>-v.-                                      10-3214-cv

RICHARD CHINSAMMY,
>Defendant-Cross Defendant,

INCREDIBLE EDIBLE DELITES, INC., MAUREEN
DUGERT, RM INVESTMENTS, LLC,
>Defendants,

INCREDIBLE FRANCHISE CORP.,
>Defendant-Cross Claimant-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:              NANCY FITZPATRICK MYERS, Lynch,
                                      Traub, Keefe & Errante, P.C.,
                                      New Haven, Connecticut.

FOR DEFENDANT-APPELLEE:               JOHN J. JACKO, III (Alan S.
                                      Fellheimer, on the brief),
                                      Fellheimer & Eichen LLP, New York,
                                      New York.

Appeal from the United States District Court for the District of Connecticut (Eginton, J.). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Edible Arrangements International, Inc. ("Edible Arrangements") appeals from the district court's judgment entered July 14, 2010, awarding it damages of $150,000 and denying its claim for punitive damages. The judgment was entered following the jury's award of $150,000 in damages to Edible Arrangements and the denial, by the district court in a memorandum decision entered May 25, 2010, of its motion for punitive damages. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's decision not to award punitive damages for abuse of discretion." Ragin v. Harry Macklowe Real Estate Co., 6 F.3d 898, 909 (2d Cir. 1993) (citing McCann v. Coughlin, 698 F.2d 112, 127 (2d Cir. 1983)). See also Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 279 (1989) (holding court of appeals should review district court's determination regarding punitive damages under abuse-of-discretion standard). Edible Arrangements' claim that

-2-

the district court's denial of punitive damages implicates its Seventh Amendment rights does not change the standard of review. See Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 433, 437-48 (2001) ("If no constitutional issue is raised, the role of the appellate court . . . is to review the trial court's determination [regarding punitive damages] under an abuse-of-discretion standard." (internal citation and quotation marks omitted)). "Because the jury's award of punitive damages does not constitute a finding of 'fact,'" a trial court's determination regarding punitive damages "does not implicate . . . Seventh Amendment concerns." Id. at 437.

We have reviewed the record in light of these principles. We affirm the district court's denial of Edible Arrangements' motion for punitive damages for substantially the reasons articulated by the district court.

Specifically, the jury found defendant-appellee Incredible Franchise Corporation ("IFC") liable only on a claim of unjust enrichment. Under Connecticut law, however, an award of punitive damages in these circumstances is impermissible, and thus the jury's verdict that an assessment of punitive damages was warranted contravened Connecticut law.

"In a diversity action, or in any other lawsuit where state law provides the basis of decision, the propriety of an award of punitive damages for the conduct in question . . . [is a] question[] of state law." Browning-Ferris Indus., 492 U.S. at 278. Punitive damages in Connecticut are limited to litigation

expenses and "serve primarily to compensate the plaintiff for his injuries." Berry v. Loiseau, 614 A.2d 414, 435 (Conn. 1992). The Connecticut Supreme Court has recognized that "in the light of the increasing costs of litigation," punitive damages can also "punish and deter wrongful conduct." Id.

In Connecticut, however, punitive damages are not ordinarily available in a breach of contract case unless the breach is "founded on tortious conduct." L.F. Pace & Sons, Inc. v. Travelers Indem. Co., 514 A.2d 766, 776 (Conn. App. Ct. 1986). See also Triangle Sheet Metal Works, Inc. v. Silver, 222 A.2d 220, 225 (Conn. 1966). A claim of unjust enrichment is a quasi-contract claim for which the right to recovery is "essentially equitable." Meaney v. Conn. Hosp. Ass'n, Inc., 735 A.2d 813, 819-20 (Conn. 1999) (internal citations omitted). Relief comes in the form of restitution measured in terms of a theoretical contract price -- in other words, "the precise amount for which the defendant would have been liable if there had been an enforceable contract." Id. at 821.

Here, despite finding liability only on the unjust enrichment claim, the jury still awarded punitive damages against IFC. Further, Edible Arrangements failed to prove any underlying tortious conduct sufficient to warrant punitive damages. See L.F. Pace & Sons, 514 A.2d at 776. The jury's limited finding with respect to the Connecticut Unfair Trade Practices Act ("CUTPA") -- that IFC had engaged in an unfair trade practice that was deceptive -- did not create a basis for an award of

-4-

punitive damages because the jury did not find that IFC's acts proximately caused Edible Arrangements to suffer an "ascertainable loss."  See Larobina v. Home Depot, USA, Inc., 821 A.2d 283, 288 (Conn. App. Ct. 2003) ("[T]o be entitled to any relief under CUTPA, a plaintiff must first prove that he has suffered an 'ascertainable loss' due to a CUTPA violation." (emphasis in the original) (citing Hinchliffe v. American Motors Corp., 440 A.2d 810, 815 (Conn. 1981))).  Thus, the district court correctly concluded that the jury's award of punitive damages on the unjust enrichment count contravened Connecticut law.[1]

We note that the jury's award was likely due to the fact that both the jury charge and the special verdict form failed to instruct the jury that it could not award punitive damages on the unjust enrichment count.[2]  The district court,

---

[1]     Edible Arrangements cites two cases for the contention that punitive damages involving equitable claims are nevertheless appropriate under Connecticut law.  These cases are distinguishable as both involved an underlying tort and not a contract or quasi-contract claim.  See Waterbury Petroleum Prods., Inc. v. Canaan Oil and Fuel Co., Inc., 477 A.2d 988, 990 (Conn. 1984); Collens v. New Canaan Water Co., 234 A.2d 825, 828 (Conn. 1967).  The parties offer no Connecticut cases that squarely address an award of punitive damages on an unjust enrichment claim.  We have only found one.  See Withers Bergman, LLP v. New England Personnel of Hartford, LLC, No. CV054007037, 2007 WL 1193165, at *8 (Conn. Super. Ct. April 5, 2007) (denying recovery of punitive damages on a breach of contract claim and an unjust enrichment claim noting that the plaintiff conceded that such claims do not support an award of punitive damages).

[2]     Specifically, the jury charge stated that "if you've awarded compensatory damages in this case on any of the Plaintiff's claims, then you must also determine whether an award of punitive damages may be assessed against IFC."  (Trial Tr. 92, April 14, 2010).  Similarly, the special verdict form explained

-5-

however, in denying the motion for punitive damages, caught this error and corrected it before entering judgment for Edible Arrangements.  A trial court certainly may correct a legal error of its own, prior to or even after entering a final judgment. Cf. In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003) (holding that motions for relief from judgment or order brought under Federal Rule of Civil Procedure 60(b)(1) provide means for "a district court to correct legal errors by the court" (internal citation omitted)); Schildhaus v. Moe, 335 F.2d 529, 531 (2d Cir. 1964) ("[T]here is indeed good sense in permitting the trial court to correct its own error . . . ; no good purpose is served by requiring the parties to appeal to a higher court, often requiring remand for further trial proceedings, when the trial court is equally able to correct its decision in the light of new authority . . . ." (internal citation omitted)); McDowell v. Celebrezze, 310 F.2d 43, 44 (5th Cir. 1962) ("Overburdened courts, trial and appellate, should not have to squander precious time and resources in such artificial maneuvers where the Judge on his own and in time faces up to the error and corrects it by effective action.").

Here, the district court acted properly and "within the permissible scope of discretion" to correct its error and deny Edible Arrangements' motion for punitive damages.  See Aczel v.

_____

that if the jury answered affirmatively on certain questions,
including the last interrogatory under the unjust enrichment
count, it should proceed to the questions on compensatory and
punitive damages.

Labonia, 584 F.3d 52, 59 (2d Cir. 2009) (affirming district court's striking of compensatory damages awarded by jury that also found defendant entitled to qualified immunity).

Further, we conclude that ordering a new trial altogether or ordering a trial limited to damages, as is often done when a jury verdict is deemed excessive, see Tingley Sys., Inc. v. Norse Sys., Inc., 49 F.3d 93, 96 (2d Cir. 1995), would be of no use here. We have previously found that there is no point in ordering a new trial where such a trial would result "in the same outcome," making any previous error of the court an "error without consequence." Id. Here, a new trial would not change the outcome: if punitive damages are not available on an unjust enrichment claim, then the jury charge and special verdict form would so instruct, and Edible Arrangements would still not receive an award of punitive damages on the unjust enrichment count.

We have considered appellant's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK

–7–