EDITH H. JONES, Circuit Judge:
This case arises from the district court’s denial of McCorvey’s motion for relief from judgment pursuant to Fed. Rule Civ. Proc. 60(b). For the reasons set forth below, we dismiss.
BACKGROUND
Norma McCorvey filed a Rule 60(b) motion for relief from judgment in which she sought to have the district court revisit the Supreme Court’s decision in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). McCorvey, her identity then protected as “Jane Roe,” was the named appellant in Roe. The district court denied McCorvey’s motion after concluding that it was not filed within a reasonable time after final judgment was entered.[1]
*848 DISCUSSION
We review the district court’s denial of relief under-Rule 60(b) for abuse of discretion.' See Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir.1998); Flowers v. S. Reg’l Physician Servs., Inc., 286 F.3d 798, 800 (5th Cir.2002). The district court’s denial of an evidentiary hearing is also subject to abuse of discretion review. See Wichita Falls Office Assocs. v. Banc One Corp., 978 F.2d 915, 918 (5th Cir.1992).
On appeal, McCorvey: (1) asserts that the district court improperly refused to convene a three-judge court; (2) challenges the district court’s ruling on her Rule 60(b) motion; and (3) contends that she was entitled to an evidentiary hearing on her Rule 60(b) motion. We address each issue in turn.

A. Three-Judge Panel

Roe v. Wade proceeded before a three-judge district court empaneled pursuant to 28 U.S.C. § 2281. See 28 U.S.C. § 2281 (1970); 28 U.S.C. § 2284 (1970) (controlling the composition and procedure of three-judge district courts). Before its repeal,[2] § 2281 required a three-judge district court to hear and determine cases involving injunctions against the enforcement of state statutes based on allegations of unconstitutionality. See Corpus v. Estelle, 551 F.2d 68, 70 (5th Cir.1977). McCorvey asserts that the single district court judge, who ruled on her Rule 60(b) motion, acted without authority. We disagree.
Although the original action was tried by a three-judge district court, the Rule 60(b) motion filed by McCorvey in 2003 was not properly a matter for a three-judge court. In United States v. Louisiana, 9 F.3d 1159, 1171 (5th Cir.1993), this court ruled, in another action determined under § 2281 by a three-judge court, that a single district court judge, acting alone after the repeal of § 2281, could properly entertain and decide subsequent modified remedial orders. The instant context is no different: A single district court judge can decide threshold questions relating to McCorvey’s Rule 60(b) moticm even though the underlying judgment was originally tried by a three-judge court under the former § 2281. See, e.g., Bond v. White, 508 F.2d 1397, 1400-01 (5th Cir.1975).

B. Rule 60(b)

McCorvey argues that the district court abused its discretion in rejecting her Rule 60(b) motion for relief from judgment as untimely. A question necessarily antecedent to McCorvey’s substantive claim, however, is whether she has presented a jus-ticiable case or controversy pursuant to Article III of the Constitution. We are under an independent obligation to examine this jurisdictional question.
There are two conceivable bases for concluding that McCorvey does not present a live case or controversy—lack of standing and mootness. As the Supreme Court explained in Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 180, 120 S.Ct. 693, 704, 145 L.Ed.2d 610 (2000), standing and mootness are related, but distinct, concepts. We may pretermit the question of standing if we find a case clearly moot. See, e.g., Nomi v. Regents of Univ. of Minn., 5 F.3d 332, 334 (8th Cir.1993).
The mootness doctrine “ensures that the litigant’s interest in the outcome continues to exist throughout the life of the lawsuit ... including the pendency of the appeal.” Cook v. Colgate, 992 F.2d 17, 19 (2d Cir.1993) (citing United States Parole Comm’n *849 v. Geraghty, 445 U.S. 388, 395, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980)) (other citations omitted); see also Rocky v. King, 900 F.2d 864, 866 (5th Cir.1990) (controversy must remain “live” throughout the litigation process). Mootness is the fatal issue for McCorvey.
“In general, a matter is moot for Article III purposes if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.” Sierra Club v. Glickman, 156 F.3d 606, 619 (5th Cir.1998). Suits regarding the constitutionality of statutes become moot once the statute is repealed. See Diffenderfer v. Cent. Baptist Church, 404 U.S. 412, 414-15, 92 S.Ct. 574, 575-76, 30 L.Ed.2d 567 (1972); see also Fed’n of Adver. Indus. Executives, Inc. v. City of Chicago, 326 F.3d 924, 930 (7th Cir.2003) (“[W]e, along with all the circuits to address the issue, have interpreted Supreme Court precedent to support the rule that repeal of a contested ordinance moots a plaintiffs injunction request, absent evidence that the City plans to or already has reenacted the challenged law or one substantially similar.”); Weeks v. Connick, 733 F.Supp. 1036, 1037 (E.D.La.1990).[3]
Under Texas law, statutes may be repealed expressly or by implication. See Gordon v. Lake, 163 Tex. 392, 356 S.W.2d 138, 139 (1962). The Texas statutes that criminalized abortion (former Penal Code Articles 1191, 1192, 1193, 1194 and 1196) and were at issue in Roe have, at least, been repealed by implication. Currently, Texas regulates abortion in a number of ways. For example, a comprehensive set of civil regulations governs the availability of abortions for minors. See Tex. Fam. Code §§ 33.002-011 (2000). Texas also regulates the practices and procedures of abortion clinics through its Public Health and Safety Code. See Tex. Health & Safety Code §§ 245.001-022; see also Women’s Med. Center of Northwest Houston v. Bell, 248 F.3d 411, 414-16 (5th Cir.2001) (discussing various portions of the Texas Abortion Facility License and Reporting Act). Furthermore, Texas regulates the availability of state-funded abortions. See 25 Tex. Admin. Code § 29.1121 (2002); see also Bell v. Low Income Women of Tex., 95 S.W.3d 253, 256 (Tex.2002).
These regulatory provisions cannot be harmonized with provisions that purport to criminalize abortion. There is no way to enforce both sets of laws; the current regulations are intended to form a comprehensive scheme—not an addendum to the criminal statutes struck down in Roe. As the court stated in Weeks, a strikingly similar case, “it is clearly inconsistent to provide in one statute that abortions are permissible if set guidelines are followed and in another provide that abortions are criminally prohibited.” 733 F.Supp. at 1038. Thus, because the statutes declared unconstitutional in Roe have been repealed, McCorvey’s 60(b) motion is moot.[4]

*850
C. Evidentiary Hearing

Finally, the district court did not abuse its discretion in denying McCorvey’s request for an evidentiary hearing. See Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 171 (5th Cir.1994) (denial of evi-dentiary hearing affirmed where court had written evidence sufficient to make its decision). An evidentiary hearing would have served no useful purpose in aid of the court’s analysis of the threshold questions presented, which, as we explained, precluded the relief McCorvey sought.
CONCLUSION
For these reasons, rather than those articulated by the district court, the appeal from the district court’s denial of McCor-vey’s Rule 60(b) motion for relief from judgment is DISMISSED.

. We dispensed with oral argument in this case because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. Fed. R.App. P. 34(a)(2).

. Pub. L. 94-391, Aug. 12, 1976, 90 Stat. 1119.

. As noted above, an exception to this mootness rule exists where there is evidence, or a legitimate reason to believe, that the state will reenact the statute or one that is substantially similar. See City of Mesquite v. Aladdin's Castle, 455 U.S. 283, 289, 102 S.Ct. 1070, 1075, 71 L.Ed.2d 152 (1982); Northeastern Florida Chapter of Associated Gen. Contractors v. City of Jacksonville, 508 U.S. 656, 662, 113 S.Ct. 2297, 2301, 124 L.Ed.2d 586 (1993). This exception does not apply to the instant case. Texas has not adopted any substantially similar statute, nor is there a reasonable belief that it plans to reenact the statutory provisions struck down in Roe.

. The district court did not resolve the case on mootness grounds. Rather, the district court held that "McCorvey’s 30-year delay is of such a great magnitude that her motion was not made within a reasonable time due to the length of time alone.” Essentially, the *850 district court concluded that a 30-year delay, regardless of the circumstances, is too long as a matter of law. We disagree. Rule 60(b)(5) and (b)(6) do not require the motion for relief from judgment be brought within, a limited period of time. Instead, these provisions require only that the motion "be made within a reasonable time[.]” Fed.R.Civ.P. 60(b). Therefore, "[w]hat constitutes a reasonable time under Rule 60(b) depends on the particular facts of the case in question.” Fed. Land Bank of St. Louis v. Cupples Bros., 889 F.2d 764 (8th Cir.1989); United States v. Wyle, 889 F.2d 242, 249 (9th Cir.1989) ("What constitutes a reasonable time depends on the facts of each case.”) (citation and quotation omitted); Holland v. Virginia Lee Co., Inc., 188 F.R.D. 241, 248 (W.D.Va.1999) ("[T]here is no set time period distinguishing timely from untimely motions outside of the absolute, one-year time frame for Rule 60(b)(1)-(3) motions.”). Accordingly, the district court erred in initially determining that the 30-year delay was "unreasonable” without examining the facts and circumstances of this particular case. The district court did hold, in the alternative, that the 30-year delay was "unreasonable” under the "facts and circumstances” of the case. However, we need not reach that issue, which would require a substantive critique of McCorvey’s claims, in light of our resolution of the matter on mootness grounds.