United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41737
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ESTRADA, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:00-CR-298-1
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:*

Juan Estrada, Jr., federal prisoner # 17623-079, was convicted of possession with intent to distribute marijuana and was sentenced to 96 months in prison. Estrada filed a 28 U.S.C. § 2255 motion, which the district court denied. Estrada subsequently filed a "MOTION FOR RELIEF FROM JUDGMENT AND TO REINSTATE PETITIONER'S ORIGINAL CLAIMS PURSUANT TO FED. R. CIV. P. RULE 60(b)(2)," in which he argued that under Blakely v. Washington, 542 U.S. 296 (2004), the district court violated his Sixth Amendment rights when

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it enhanced his sentence based on facts that were not admitted by him or found by a jury. The district court construed the motion as a second or successive 28 U.S.C. § 2255 motion filed without this court's authorization and dismissed the motion for lack of jurisdiction.

On appeal, Estrada argues the merits of his Blakely claim. Liberally construed, Estrada's appellate briefs also assert that he intended to file his motion pursuant to FED. R. CIV. P. 60(b)(4), rather than FED. R. CIV. P. 60(b)(2), and they challenge the district court's construction of his motion as a second or successive 28 U.S.C. § 2255 motion filed without this court's authorization. However, Estrada's challenge to the constitutionality of his sentence is properly classified as an attempt to file a second or successive 28 U.S.C. § 2255 motion, regardless whether it was filed pursuant to FED. R. CIV. P. 60(b)(2) or FED. R. CIV. P. 60(b)(4). See Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999); United States v. Rich, 141 F.3d 550, 551-53 (5th Cir. 1998). There is no indication in the record that Estrada requested this court's permission to file a second or successive 28 U.S.C. § 2255 motion before filing his motion, and Estrada does not contend that he has done so. See §§ 2244(b)(3)(A), 2255. Therefore, the district court did not abuse its discretion in denying Estrada's motion. See McCorvey v. Hill, 385 F.3d 846, 848 (5th Cir. 2004).

AFFIRMED; REQUEST FOR APPOINTMENT OF COUNSEL DENIED.