United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10901
Conference Calendar

_____


BRENDA DAVID, ET AL.,

                                        Plaintiffs,

DOUGLAS S. MCGLOHON,

                                        Plaintiff-Appellant,

versus

CITY OF DALLAS, TEXAS, ET AL.,

                                        Defendants,

CITY OF DALLAS, TEXAS,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:76-CV-834
USDC No. 3:76-CV-1593
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Douglas S. McGlohon moves this court for leave to proceed in

forma pauperis (IFP) on appeal following the denial of his FED.

R. CIV. P. 60(b) motion filed approximately eight years after the

final judgment in this 42 U.S.C. § 1983 action.  McGlohon's

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion is construed as a challenge to the district court's determination that the appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). If the appeal is frivolous, this court may dismiss it sua sponte under 5TH CIR. R. 42.2. Baugh, 117 F.3d at 202 n.24.

McGlohon has not shown that his appeal involves legal points arguable on their merits. See Howard, 707 F.2d at 220. McGlohon has not shown that extraordinary circumstances warrant relief from the operation of the judgment. See Rule 60(b)(6). McGlohon also failed to provide a valid reason for the lateness of his May 2003 postjudgment challenge to the January 1995 judgment; he has not shown that he could not have learned earlier of the grounds relied upon or that the defendants would not be prejudiced. See Travelers Ins. Co. v. Liljeberg Enters., Inc., 38 F.3d 1404, 1410 (5th Cir. 1994). The district court did not abuse its discretion by denying McGlohon's Rule 60(b) motion filed eight years after the entry of the final judgment. See McCorvey v. Hill, 385 F.3d 846, 848 (5th Cir. 2004), cert. denied, 125 S. Ct. 1387 (2005).

McGlohon's request for IFP status is denied, and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. McGlohon is warned that filing future frivolous actions or appeals may result in the imposition of sanctions.

See <u>Woodson v. Surgitek, Inc.</u>, 57 F.3d 1406, 1417 (5th Cir. 1995).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.