United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-30598
Conference Calendar

---

PATRICK WAYNE WILLIAMS,

Plaintiff-Appellant,

versus

SHERIFF'S DEPARTMENT, IBERIA PARISH; JOSEPH FURGUSON; SID
HEBERT; ROBERTA BOUDREAUX; ROXY GATES; LT. DARCEY; CREIG DUNKIN;
OFFICER THIBIDEAUX; OFFICER POLK; OFFICER LEBLANC; SGT. ROCHELLE;
SGT. BOWERS; SGT. HAWKINS; LT. JAMES; KIM STELLY; MARY ANN DIXON;
CHARLIE TRAHAN; KIRK V. COMEAUX,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:04-CV-2619
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Patrick Wayne Williams, Louisiana prisoner # 317402, has filed
an appeal following the dismissal of his civil rights complaint
pursuant to 28 U.S.C. § 1915(e)(2)(B) and the denial of his
postjudgment motion for reconsideration. Williams's motion for
reconsideration is construed as a FED. R. CIV. P. 60(b) motion.
See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

667 (5th Cir. 1986) (en banc).  Because Williams's notice of appeal was filed fewer than 30 days from the district court's denial of his Rule 60(b) motion but more than 30 days from the entry of judgment dismissing the underlying action, the notice of appeal is effective only as to the denial of the Rule 60(b) motion.  See Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996); FED. R. APP. P. 4(a)(4).  Under Rule 60(b)(6), the district court may relieve a party of a final judgment for any "reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6).  We review for abuse of discretion. See McCorvey v. Hill, 385 F.3d 846, 848 (5th Cir. 2004).

Even if Williams did not timely receive a copy of the magistrate judge's report and recommendation, Williams gave the district court no reason justifying relief from the operation of the judgment.  See Rule 60(b).  The district court thus did not abuse its discretion by denying the motion.  See McCorvey, 385 F.3d at 848.

The district court's order denying Williams's Rule 60(b) motion is affirmed.  The district court's dismissal of Williams's civil rights complaint counts as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  The dismissal as frivolous of Williams's appeal in Williams v. Pfizer Inc., No. 05-30532, decided this day, also counts as a strike for purposes of § 1915(g).  We caution Williams that if he accumulates three strikes, he may not

proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g); Adepegba, 103 F.3d at 387-88.

AFFIRMED; SANCTION WARNING ISSUED.