# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2013

No. 12-30756

Lyle W. Cayce
Clerk

RONNIE KEITH DAVIS,

Plaintiff–Appellant

v.

JAMES LEBLANC; LYNN COOPER; BLANE LACHNEY; CLYDE BENSON;
JAMES COOPER; BRUCE CAZELOT; BRANDON BONNETTE; SHANE
RACHAL; SAMUEL JOHNSON; BENJAMIN MADDIE; COREY
VILLAMARETTE; CHARLES PRIEUR; DOCTOR RAMON SINGH, also known
as John Doe; DOCTOR DAVID VAJNAR,

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CV-1450

Before STEWART, Chief Judge, and KING and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronnie Keith Davis, Louisiana prisoner # 455331, proceeding *pro se* and
*in forma pauperis*, filed this civil rights action against various prison officials
and two doctors, alleging that the two doctors were deliberately indifferent to his
medical needs and that the remaining defendants failed to prevent him from
being attacked by another inmate, Harold Anderson. He now appeals the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's grant of summary judgment.[1] Davis complains that the district court erred in granting summary judgment because the defendants failed to turn over certain requested discovery. He also claims that the district court failed to consider four prisoner affidavits he submitted with his opposition to the defendants' summary judgment motion and argues that those four affidavits created a genuine dispute as to a material fact, precluding summary judgment.

Davis has not shown that the magistrate judge abused his discretion in finding that the defendants complied with the discovery order or in denying Davis additional discovery. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004) (explaining that a district court's discovery rulings are reviewed for abuse of discretion). Moreover, our de novo review indicates that, based on the competent summary judgment evidence, the district court properly granted summary judgment for all defendants other than Sergeant Benjamin Maddie. *See Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011) (stating that a district court's grant of summary judgment is reviewed de novo). As to the claim against Sergeant Maddie, however, Davis has raised a genuine dispute of material fact.

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). This duty, grounded in the Eighth Amendment, is nevertheless a limited one. To succeed on a failure-to-protect claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to the inmate's safety." *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004) (internal quotation marks omitted).

---

[1] Davis also alleged that his due process rights were violated in connection with the disciplinary action he received following the attack, but he has abandoned, and therefore forfeited, this claim on appeal. *See Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007).

No. 12-30756

The deliberate indifference standard is "an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). We have declined to find deliberate indifference where an official "should have" inferred a risk posed to an inmate, requiring proof that the official "did draw such an inference." *Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003) (emphasis omitted). Nevertheless, an inmate does not have to produce direct evidence of an official's knowledge of the risk; he may rely on circumstantial evidence to demonstrate such knowledge. *Id.* at 512.

With his opposition to summary judgment, Davis attached the affidavit of another inmate, Darrin Martin.[2] Martin declared that his affidavit was true and made under penalty of perjury. In it, Martin stated that he saw Sergeant Maddie speaking with Anderson and that when Martin later inquired about the conversation, Sergeant Maddie told Martin that Anderson was going to "whip that whore Ronnie Davis in the cell next to him" and "that motherfucker needs a good ass whipping and it is worth the paperwork for him to get it."[3] If believed, this evidence would indicate that Sergeant Maddie was aware of a substantial risk of serious harm to Davis and acted with deliberate indifference to Davis's safety. Construing "all facts and inferences in the light most favorable" to Davis, *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010), we hold that there is a genuine dispute as to a material fact regarding Sergeant Maddie's involvement

---

[2] Davis submitted three other inmate affidavits, but none was sufficient to create a genuine issue of material fact. The first two unsworn affidavits were not made under penalty of perjury and, thus, did not constitute competent summary judgment evidence. *See* 28 U.S.C. § 1746; *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment."). The third, while made under penalty of perjury, simply stated that Anderson attacked Davis in Davis's cell, an issue not in dispute.

[3] This statement, by definition, is not hearsay as it constitutes a party-opponent admission. *See* Fed. R. Evid. 801(d)(2)(A).

with Davis's injuries and that the district court erred in granting Sergeant Maddie summary judgment.

Finally, Davis raises multiple claims unrelated to the merits of the appeal. First, Davis's claim that the defendants denied him access to the courts does not present reversible error because he has not shown that the defendants limited his ability to prepare and transmit any necessary legal documents to the court. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) ("While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court."). His contention that he was not provided with an explanation for why his case was transferred from one district court judge to another district court judge also does not constitute reversible error as no explanation was required under the circumstances. Finally, we do not consider his claims against the State of Louisiana and the prison, which are not named defendants in this lawsuit and, in any event, are not "persons" or proper party defendants in an action under § 1983. *See Ruiz v. Estelle*, 679 F.2d 1115, 1137 (5th Cir.), *amended in part and vacated in part on other grounds*, 688 F.2d 266 (5th Cir. 1982).

Accordingly, the district court's judgment in favor of all defendants other than Sergeant Maddie is AFFIRMED. The judgment in favor of Sergeant Maddie is REVERSED, and the cause is REMANDED to the district court for further proceedings consistent with this opinion.