# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2013

No. 13-30187
Summary Calendar

Lyle W. Cayce
Clerk

CHARLES CARD,

Plaintiff-Appellant

v.

JOE KEFFER; JOEL ALEXANDRE; ANDRES MOLINA OSSERS; UNITED STATES OF AMERICA,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-1195

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Charles Card, federal prisoner # 04573-000, appeals the order denying his Federal Rule of Civil Procedure 60(b) motion for relief from the judgment that granted the appellees' motion for summary judgment and dismissed Card's complaint filed under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Card contends that his new evidence, X-rays and an MRI report concerning his left and right knees, show that he had serious

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical problems with both knees; that his left knee required surgery to correct the problem; and that the defendants refused to treat his serious medical needs, ignored his complaints, intentionally treated him incorrectly, disregarded his serious medical needs, and committed fraud. He asserts that the new evidence was available at the time of the final judgment but was not discovered until after the final judgment. He maintains that the district court applied incorrect legal standards because the district court did not consider the record as a whole, did not consider whether the new evidence was material, and did not hold an evidentiary hearing. Card also contends that the district court erred in not addressing his claims of fraud.

The district court did not abuse its discretion in holding that Card was not entitled to relief under Rule 60(b)(2). *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010). The new 2012 medical records presented by Card did not exist at the time of the entry of the district court's judgment in November 2011. Rule 60(b)(2) does not provide relief for such evidence that did not exist before the judgment was entered. *See Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1358 (5th Cir. 1988). Further, the new medical records do not contradict the district court's original determination that Card received adequate medical care for his knee problems while he was incarcerated at United States Penitentiary in Pollock, Louisiana (USP-Pollock). Therefore, the new evidence would not have produced a different result if it had been present before the original judgment. *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005).

In addition, Card has not shown that he was entitled to relief under Rule 60(b)(3). Card's conclusory and unsupported allegation of fraud does not show by clear and convincing evidence that the defendants engaged in fraud or misconduct that prevented him from fully and fairly presenting his case. *See Hesling*, 396 F.3d at 641. Therefore, the district court did not abuse its discretion in implicitly denying relief under Rule 60(b)(3) based on Card's claims of fraud. *See id.*

Further, Card has failed to show that he was entitled to relief under Rule 60(b)(6) based on extraordinary circumstances. *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). He has not shown that extraordinary circumstances exist where his claim for relief under Rule 60(b)(6) is based on his claims of fraud under Rule 60(b)(3) and his claim of newly discovered evidence under Rule 60(b)(2). *See Hesling*, 396 F.3d at 643.

Finally, Card has not shown that the district court abused its discretion in not holding an evidentiary hearing. Because an evidentiary hearing was unnecessary for the district court's analysis of Card's Rule 60(b) motion, the district court did not abuse its discretion in denying his request for an evidentiary hearing. *See McCorvey v. Hill*, 385 F.3d 846, 850 (5th Cir. 2004).

Card's motion for a default judgment lacks merit as the appellees' brief was timely filed. Therefore, his motion is denied.

AFFIRMED; MOTION FOR DEFAULT JUDGMENT DENIED.