# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30486

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2017

Lyle W. Cayce
Clerk

*Consolidated with Case No. 15-30892*

RONNIE KEITH DAVIS,

        Plaintiff-Appellant

v.

BENJAMIN MADDIE,

        Defendant-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CV-1450

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff Ronnie Keith Davis, Louisiana prisoner # 455331, was attacked by another inmate and filed a 42 U.S.C. § 1983 lawsuit asserting claims against prison officials and doctors. *See Davis v. LeBlanc*, 539 F. App'x 626, 627 (5th Cir. 2013). We previously affirmed summary judgment as to all defendants but one and remanded for further proceedings as to his claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against prison guard Benjamin Maddie. *See id.* at 627-28. Davis now appeals from (1) the judgment entered following the jury verdict against him and (2) the denial of his motion for relief from the judgment. Because the matter is now fully briefed, Davis's motion for a temporary restraining order regarding his law library access is DENIED as moot.

First, we review for abuse of discretion the district court's decision not to appoint counsel for Davis in this § 1983 action. *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). Considering the straightforward nature of Davis's claim against Maddie and his demonstrated ability to investigate and present his case, denial of counsel was neither an abuse of discretion nor structural error. *See id.* For the same reasons, Davis's motion for appointment of counsel on appeal is DENIED. Davis also fails to demonstrate that the district court erred by facilitating his request for the assistance of inmate counsel.

Second, we review for abuse of discretion the district court's decision not to estop Maddie from contradicting a stipulation, entered by his counsel and then retracted as mistaken, that Davis had identified his attacker as an enemy before the attack. *See United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 271 (5th Cir. 2015); *Coastal States Mktg. v. Hunt*, 694 F.2d 1358, 1368-69 (5th Cir. 1983). Because the evidence and testimony at trial contradicted the stipulation, Davis has failed to establish any abuse of discretion. *See GSDMIdea City*, 798 F.3d at 271; *Rathborne Land Co., L.L.C. v. Ascent Energy, Inc.*, 610 F.3d 249, 262-63 (5th Cir. 2010); *see also New Hampshire v. Maine*, 532 U.S. 742, 753 (2001) ("[I]t may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake.") (internal quotation marks and citation omitted). For the same reasons, the stipulation is not a basis for reexamining the dismissal of the other defendants, which was previously affirmed by this court

No. 15-30486
c/w No. 15-30892

and is now the law of the case. *See Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir. 2006); *Davis*, 539 F. App'x at 627-28.

Third, we review for abuse of discretion the denial of Davis's motion pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. *McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004). Davis's vague and conclusory allegations of fraud, witness-tampering, and improper actions by opposing counsel and by the district court fell short of the clear and convincing evidence required for relief pursuant to Rule 60(b)(3). *See Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992). The district court's succinct denial of Davis's motion without an evidentiary hearing was not an abuse of discretion. *See McCorvey*, 385 F.3d at 850.

**AFFIRMED; MOTIONS DENIED.**