# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30832
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2020

Lyle W. Cayce
Clerk

TERRY J. COLLEY,

Plaintiff-Appellant

v.

DR. DANDAN; ZITA GUERRERO; WILLIE VASQUEZ; L. PARKER; M. LOFSTROM; CHARLES T. TEXADA; HEATHER FALGOUT; UNITED STATES OF AMERICA, on behalf of Federal Bureau of Prisons, on behalf of United States Penitentiary Pollock,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-1631

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Terry J. Colley, federal prisoner # 45043-019, appeals the denial of his Federal Rule of Civil Procedure 60 motions for relief from the judgment that dismissed his complaint raising claims of medical malpractice and deliberate indifference to his serious medical needs under *Bivens v. Six Unknown Federal*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30832

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Colley's complaint arose from a sports-related injury that occurred during his incarceration. He also filed an administrative complaint, pursuant to the Federal Tort Claims Act (FTCA) with the Bureau of Prisons (BOP) based on the same underlying injury. While his lawsuit was pending, Colley settled his FTCA administrative claim with an attorney representing the BOP and agreed to dismiss his pending lawsuit. On appeal, he argues that the district court lacked jurisdiction to dismiss his lawsuit and that BOP counsel and defense counsel in his federal case committed fraud and fraud upon the court, primarily alleging that he was deceived into believing that he was dismissing only his FTCA claims and not his *Bivens* claim when he settled with the BOP and that his signature on a joint stipulation to dismiss the federal case was forged.

We review the denial of relief under Rule 60(b)(4) de novo. *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). Colley has not shown that the district court lacked subject matter or personal jurisdiction or that it "acted in a manner inconsistent with due process of law." *Id.* at 1006. Thus, he shows no error in connection with the denial of his Rule 60(b)(4) motion. *See id.*

Likewise, Colley has not shown that the district court abused its discretion by denying his Rule 60 motion alleging fraud. *See McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004). In particular, we conclude that Colley has not supported his fraud or fraud upon the court allegations, including his forgery allegations, with clear and convincing evidence. *See Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992); FED. R. CIV. P. 60(b)(3); FED. R. CIV. P. 60(d)(3). The record reflects that he settled his FTCA claims with the BOP for a negotiated amount and, in exchange, he agreed to dismiss his pending lawsuit in its entirety.

No. 18-30832

To the extent that Colley contends that the district court erred by failing to provide sufficient reasons and citation to legal authority when denying the Rule 60 motions, that argument is meritless. *See Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 118 (5th Cir. 2008); *see also Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 998-99 (5th Cir. 2001). Finally, Colley has not established that the district court erred by denying his motion for an evidentiary hearing inasmuch as the district court had sufficient written evidence to render its decision. *See McCorvey,* 385 F.3d at 848, 850.

The judgment of the district court is AFFIRMED.