# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2021

Lyle W. Cayce
Clerk

No. 20-30277

In re: In the Matter of the Complaint of GATX Third Aircraft Corporation, as owner of the M/V Miss Sylvia, and Brynmark Marine Services, Incorporated and Double J. Marine, L.L.C. as bareboat charters/owners pro hac vice and operators of the M/V Miss Sylvia, for Exoneration from or Limitation of Liability

Gatx Third Aircraft Corporation, as owner of the M/V Miss Sylvia; Brynmark Marine Services, Incorporated, as owner pro hac vice of the M/V Miss Sylvia; Double J. Marine, L.L.C., as owner pro hac vice of the M/V Miss Sylvia,

*Petitioners—Appellees*,

*versus*

Roosevelt Collins; Cary Payne; Jerome Davis

*Claimants—Appellants*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-13095

Before Jones, Costa, and Duncan, *Circuit Judges*.

Per Curiam:*

On February 16, 2016, while navigating the waters of the Mississippi River in Plaquemines Parish, Louisiana, the M/V MISS SYLVIA struck the M/V ATLANTIC GRACE.  GATX Third Aircraft Corporation, Brynmark Marine Services, Inc., and Double J. Marine, LLC (collectively "Shipowners") are the owners/operators of the MISS SYLVIA.  Roosevelt Collins, Cary Payne, and Jerome Davis ("Claimants") were contract workers employed by Savard Labor & Marine Personnel, LLC, and working on the ATLANTIC GRACE on the day of the accident.

On July 21, the Shipowners filed a Complaint for Exoneration From or Limitation of Liability ("Limitation Action").  On July 27,  the district court issued notice requiring all persons with a claim related to the limitation action to step forward before September 23, 2016, or suffer default.  Notices were duly filed and published in accord with federal admiralty Supplemental Rule F and local court rules.  Several claimants came forward timely.

In the course of litigating the Limitation Action, attorneys for the Shipowners engaged in discovery, including the preparation of witness lists and depositions of laborers who had been on board the ATLANTIC GRACE.

In autumn 2018, following two years of litigation, the parties to the Limitation Action settled all claims globally.  On September 28, the district court entered its dismissal order.  On November 21,  the parties to the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30277

Limitation Action moved jointly for an order of dismissal, which the court granted and entered on November 26, 2018.

Not until February of 2019 did the Claimants file lawsuits asserting personal injury claims against the Shipowners. *Collins v. Double J. Marine, LLC*, No. 19-1415, 2019 WL 3081630 (E.D. La. July 15, 2019); *Payne v. Double J. Marine*, LLC, No. 19-1417, 2019 WL 3081698 (E.D. La. July 15, 2019). They contended they were known claimants in the Limitation Action and therefore entitled to direct notice pursuant to Supplemental Rule F(4) of the Federal Rules of Civil Procedure. The district court rejected this argument, and two panels of the Fifth Circuit affirmed. *Collins v. Double J. Marine, L.L.C.*, 802 F. App'x 843, 844 (5th Cir. 2020); *Payne v. Double J. Marine, L.L.C.*, 828 F. App'x 222, 223 (5th Cir. 2020).

On November 25, 2019, the Claimants filed a Motion for Relief from Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b) in the Limitation Action, which is the subject of this appeal. They attached a deposition taken February 20, 2018, to a memorandum in support of their motion in an attempt to show the Shipowners had been aware of their claims.

The district court denied the motion, holding it was filed after the one-year limitation for Rule 60(b)(1) and (3) motions, and alternatively, it faltered on the merits for those as well as under Rule 60(b)(6) because the evidence presented was "neither new nor compelling." The Claimants timely appealed.

No. 20-30277

## DISCUSSION

This Court reviews the district court's denial of Rule 60(b) motions for abuse of discretion. *McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004). A district court "abuses its discretion . . . if its ruling is based on an 'erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Baker Hughes Process & Pipeline Servs., L.L.C. v. UE Compression, L.L.C.*, 938 F.3d 661, 666 (5th Cir. 2019) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 2461 (1990)). The disposition of Rule 60(b) motions, however, is heavily discretionary, and such "proceedings are subject to only limited and deferential appellate review." *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 2650–51 (2005) (citing *Browder v. Dir., Dept. of Corrs.*, 434 U.S. 257, 263, n.7, 98 S. Ct. 556, 560 (1978)).

The Shipowners argue initially that the Claimants have no standing to file a Rule 60(b) motion, because they were not parties to the underlying Limitation Action. Nevertheless, but for their delay, the Claimants could have been parties to the action. Importantly, they have a close connection to the underlying case and interests that are strongly affected by it. *Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044, 1052 (2d Cir. 1982) (finding that some parties are "sufficiently connected and identified with" an underlying suit "to entitle them to standing to invoke" Rule 60(b)). In this unusual situation, although the Claimants were not parties to the Limitation Action, we conclude they have standing to file the Rule 60(b) motion.

Next, the parties dispute whether the 60(b) motion was filed within the one-year period required by two here-relevant provisions of the rule. Rule 60(b) provides six reasons for which a "court may relieve a party or its legal representative from a final judgment, order, or proceeding." FED. R. CIV. P. 60(b). Rule 60(b) has a "specific 1-year deadline for asserting three of the most open-ended grounds of relief"—subsections (1), (2), and (3). *Gonzalez*, 545 U.S. at 535, 125 S. Ct. at 2649. The Claimants' motions invoked subsections (1) and (3) and also subsection (6).[1] Although, Rule 60(b)(6) is not subject to the one-year limitation, the Supreme Court has "required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Id.* (citing *Ackermann v. United States*, 340 U.S. 193, 199, 71 S. Ct. 209, 212 (1950)). The arguments divide over whether the court's September 2018 dismissal order or its November 2018 confirmation of that order marked the beginning of the relevant one-year period. If the former date is decisive, the Claimants' November 2019 Rule 60(b) motion was in part or whole untimely filed.

We may, however, assume without deciding that the Rule 60(b) motion was timely, because the Claimants' arguments fail on the merits. They have either already been adjudicated or they present no extraordinary

---

[1] Those reasons are (1) "mistake, inadvertence, surprise, or excusable neglect;" (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" and the catch-all (6) "any other reason that justifies relief." FED. R. CIV. P. 60(b).

circumstances sufficient to satisfy the criteria of any of the Rule's subsections.

First, this court previously decided that the Claimants were not known to the Shipowners for purposes of being personally informed of the Limitation Action. In their earlier separate suits against the Shipowners, Claimants contended they were known all along and entitled to personal notice from the Shipowners. They offered as evidence a witness list compiled during the same collection of discovery and litigation materials that produced the deposition the Claimants offer in this case. All of the materials were generated some time after the initial notice of claim deadline had lapsed and indeed after the district court's Default Order in the Limitation Action (May 2017). In those cases, the court noted that a *prospective* claimant is not a *known* claimant, and merely proffering witness lists was not sufficient to show they were the latter. *Collins*, 802 F. App'x. at 844 ("This witness description offers no hint that Collins himself had made any claim regarding the accident. It thus cannot ground Collins's assertion that he was a known claimant deserving direct notice of the Limitation Action.").

The same theory—that the Shipowners knew for purposes of accountability under Rule F(4) that Collins, Payne, and Davis were prospective claimants—underlies the present motion. The evidence for all three Claimants and for each of the grounds they assert for Rule 60(b) relief consists of deposition testimony similarly developed long after the district court's Default Order was entered. Vague as it is with respect to these Claimants, the two individuals' testimony fails to establish that the

No. 20-30277

Shipowners previously knew or should have known of Claimants' alleged injuries. The deposition testimony, which we have reviewed, is logically indistinguishable from the evidence that failed to convince this court before that the Shipowners were legally obliged to provide personal notice.

Accordingly, Claimants' motion fails because they have not shown mistake or excusable neglect that would warrant disturbing a final judgment.[2] The depositions display no inkling that the Shipowners perpetrated fraud, misrepresentation, or misconduct in not providing individual notice of the Limitation Action. Finally, the Claimants have not shown the kind of extraordinary circumstances that justify a Rule 60(b)(6) motion.

For the foregoing reasons, the court's order denying relief is AFFIRMED.

---

[2] 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2858 (3d ed. 2012) ("Insufficient showings for relief also include when the party or attorney did not act diligently to discover the purported mistake.").