# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-20073
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2015

Lyle W. Cayce
Clerk

US BANK NATIONAL ASSOCIATION AS TRUSTEE, For the Registered
Holders of CSMC Asset-Backed Trust 2007-NC1 OSI, CSMC Asset-Backed
Pass-Through Certificates, Series 2007-NC1 OSI,

> Plaintiff - Appellee

v.

RUSSELL S. BUDNICK; COLLEEN DIANE DEVINE,

> Defendants - Appellants

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-86

————

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Defendants-Appellants Russell S. Budnick and Colleen Diane Devine[1]
defaulted on a home equity loan. Plaintiff-Appellee US Bank commenced a
judicial foreclosure action against Budnick and Devine in federal court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

[1] The record is inconsistent with respect to whether Devine's name is spelled "Devine"
or "Divine." For the sake of consistency, we will use the spelling in the case caption.

No. 15-20073

Budnick and Devine failed to appear, so the district court granted a default judgment in US Bank's favor. Budnick and Devine subsequently moved to set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b). The district court denied the motion. We affirm.

## I.

The court "may set aside a final default judgment under Rule 60(b),"[2] which authorizes the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if certain prerequisites are met.[3] "We review a district court's decision to grant or deny relief pursuant to Rule 60(b) for abuse of discretion."[4] "Under this standard, the district court's ruling is 'entitled to deference,' but we review *de novo* 'any questions of law underlying the district court's decision.'"[5]

## II.

Budnick and Devine first argue that the district court should have granted relief pursuant to Rule 60(b)(4), which authorizes relief from a void judgment. According to Budnick and Devine, the default judgment is void because US Bank failed to effectively serve them with legal process.

---

[2] FED. R. CIV. P. 55(c).

[3] FED. R. CIV. P. 60(b).

[4] *Frew v. Janek*, 780 F.3d 320, 326 (5th Cir. 2015) (citing *League of United Latin A. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 437 (5th Cir. 2011)).

[5] *Id.* (quoting *Frazar v. Ladd*, 457 F.3d 432, 435 (5th Cir. 2006)).

No. 15-20073

"If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside."[6] However, a party may waive service of process.[7]

US Bank at least attempted to personally serve Budnick and Devine pursuant to Federal Rule of Civil Procedure 4(e), but the record contains conflicting evidence regarding whether that attempt ultimately succeeded. The district court never made factual findings to resolve those evidentiary conflicts. Nonetheless, even assuming *arguendo* that US Bank never successfully served Budnick and Devine, the record unequivocally establishes that Budnick and Devine explicitly agreed not to raise any objections to service of process. Shortly after US Bank's process server attempted to serve Budnick and Devine, Budnick and Devine sent US Bank's counsel the following e-mail:

> [D]ue to the fact that service of process is defective and therefore not proper and legal/lawful notice as required by law, we are willing to overlook this defective service of process provided that you and your client US BANK, NA., agree to provide us with an adequate extention [sic] of time to respond to this Civil Action properly.

The record contains no indication that US Bank had previously asked Budnick and Devine to waive service of process; Budnick and Devine's offer to "overlook" any alleged defects in service was therefore unsolicited. US Bank's counsel promptly responded: "In your e-mail, you don't say how long of an extension you're looking for. When do you and your wife want to file your response?" Budnick and Devine replied, "We would like to file a response by March 20, 2014." US Bank's counsel responded, "OK." In reliance on its agreement with

---

[6] *See Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 306 (5th Cir. 2014) (quoting *Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986)).

[7] *See Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1140 (5th Cir.), *cert. denied*, 451 U.S. 1008 (1981).

No. 15-20073

Budnick and Devine, US Bank did not ask the district court to enter a default against Budnick and Devine or move for a default judgment until July 9, 2014.

Budnick and Devine argue that their agreement is unenforceable because it does not comply with Federal Rule of Civil Procedure 4(d)(1)'s requirements for waiver of service.[8] We disagree. Rule 4(d)(1), by its plain terms, applies only when the "*plaintiff . . .* request[s] that the defendant waive service of a summons."[9] Budnick and Devine cite no authority for the proposition that a waiver of service must comply with Rule 4(d)(1) when the *defendant*, without any prior solicitation from the plaintiff, volunteers to waive service in exchange for an extension of time. Nor has our independent research revealed any such authority.

In sum, Budnick and Devine promised to overlook any defects in service of process. In exchange, US Bank accorded Budnick and Devine extra time to

---

[8] Specifically, the version of Rule 4(d)(1) effective until December 1, 2015 provides:

The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
    **(A)** be in writing and be addressed:
        **(i)** to the individual defendant; or
        **(ii)** for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
    **(B)** name the court where the complaint was filed;
    **(C)** be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;
    **(D)** inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;
    **(E)** state the date when the request is sent;
    **(F)** give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver; and
    **(G)** be sent by first-class mail or other reliable means.

[9] FED. R. CIV. P. 4(d) (emphasis added).

4

## No. 15-20073

answer the complaint. Budnick and Devine broke that promise by raising a service of process objection in their Rule 60(b) motion. The district court therefore did not abuse its discretion by denying that motion.

## III.

Budnick and Devine also argue that the district court should have vacated the default judgment under Rule 60(b)(1), which permits the court to relieve a party of a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect."[10] Budnick and Devine do not explain how any of those factors are present in this case, so they have abandoned this argument.[11]

## IV.

Finally, Budnick and Devine argue that the district court should have vacated the default judgment under Rule 60(b)(6), which permits the court to set aside a judgment for any "reason that justifies relief" other than those explicitly listed in Rule 60(b)(1)-(5). According to Budnick and Devine, they are entitled to Rule 60(b)(6) relief because they have a valid statute of limitations defense against US Bank's claim.

Rule 60(b)(6) permits relief from a final judgment only if "'extraordinary circumstances" exist.[12] No extraordinary circumstances are present here. If Budnick and Devine had a viable statute of limitations defense, they could

---

[10] FED. R. CIV. P. 60(b)(1).

[11] *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008) (citing *Cal. Gas Transp., Inc. v. NLRB*, 507 F.3d 847, 853 n.3 (5th Cir. 2007)).

[12] *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 501 (5th Cir. 2015) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005)).

## No. 15-20073

have raised it before their time to file an answer had expired.[13] The district court therefore did not abuse its discretion by denying Budnick and Devine's motion.

AFFIRMED.

---

[13] We therefore need not resolve whether that defense had any merit under the facts of this case.